Woolfolk *vs.* Murray.

---

No. 1.    GERTRUDE J. WOOLFOLK, plaintiff in error, *vs.* JOSEPH E. MURRAY, defendant in error.

No. 2.    BENJAMIN D. BRYAN, plaintiff in error, *vs.* C. C. SIMS, defendant in error.

1. When the United States Courts, under the Bankrupt Act of 1869, have acquired jurisdiction of the estate of a bankrupt, the State Courts lose jurisdiction of all claims against him provable under the Bankrupt Act, except specific liens upon his property, and legal or equitable claims of title thereto; and the homestead and exemption provisions of the Constitution of 1868 do not create such a specific lien upon or title to his estate, in favor of his family, as may be heard and adjudicated by the State Courts pending the proceedings in bankruptcy.

2. Whether said claim is such a debt in favor of the family as may be

proven before the Bankrupt Court, independently of the exemption granted by the Bankrupt law to the bankrupt, it is for that Court alone to decide.

3. The case of *Fannie Lumpkin vs. Eason*, at this term, having been by permission expressly questioned and reviewed, is, after reconsideration, affirmed.

Homestead.   Bankruptcy.   Before Judge COLE.   No. 1. Bibb Superior Court.   November Term, 1870.   No. 2.   Dooly Superior Court.   April Term, 1871.

Waiving minor matters, the following are the material facts in these two cases:

No. 1.   Mrs. Woolfolk applied for an exemption of her husband's land as a homestead for herself and children, and the cause came before the Superior Court by appeal.   Murray, as trustee for her husband's creditors, and certain of the creditors below, and on the appeal, objected to the setting apart of the homestead, upon the following grounds:

1. Prior to her application, the husband was adjudged a bankrupt in the District Court of the United States, and all his property, including this sought to be set apart as a homestead, by order of said United States District Court, passed into the hands of the United States Marshal, and he had it when this application was filed, and before the hearing before the Ordinary, said property had been, according to the Bankrupt Act, conveyed to Murray, as trustee as aforesaid, which conveyance, by relation back, is older than this application, and therefore the Ordinary had no jurisdiction over the matter.

2. Because the husband claimed the exemption allowed him under the Bankrupt Act, and had been allowed the same.

These objections were demurred to.   The demurrer was overruled, and that is assigned as error.

No. 2.   This was ejectment by Sims against Benjamin D. Bryan, for certain land in said county.   It was admitted that defendant was in possession of the premises when the suit was begun, and yet that William Bryan was in possession

and owned the premises on the 19th of December, 1868, and filed his petition to be adjudged a bankrupt on that day, and put this property in his schedule; that his wife knew that he intended making his application in bankruptcy when she filed her petition for exemption of homestead, and that the premises would rent for $400 00 *per annum.*

Plaintiff read in evidence a deed of assignment from Hasselton, Register in bankruptcy, to Holtzclaw, made the 25th of January, 1869, conveying to Holtzclaw, as assignee, all William Bryan's property, which he owned on the 19th of December, 1868. He then read in evidence a deed from Holtzclaw, assignee, to plaintiff, for said premises, made on the ...... day of ......, 1869, and here the plaintiff closed.

Defendant showed that, on the 16th of December, 1868, William Bryan's wife applied for a homestead, etc., which was granted to her by the Ordinary of said county, on the 28th of December, 1868. It was admitted that Holtzclaw and Sims (the purchaser at his sale) had actual notice, at the time of the sale, that these premises had been set apart to Mrs. Bryan and her children as a homestead; that Benjamin D. Bryan was but her tenant; that she was the real defendant, and that William Bryan was not yet discharged in bankruptcy. Holtzclaw testified that he was not appointed assignee till after the 28th of December, 1868, and gave notice at the sale of this homestead, but stated also that the purchaser would get a good title, and plaintiff bid off the property at $1,000 00. He further testified that William Bryan had two hundred two and a half acres of land, including his dwelling and out-houses and personalty, worth, in the aggregate, $2,600 00, allowed to him as exempt by the bankrupt Register.

Defendant's counsel asked the Court to charge the jury, that the judgment of the Ordinary was conclusive as to Mrs. Bryan's rights; that the deed of assignment to Holtzclaw conveyed only the right, title and interest in the property which William Bryan had at the date of his application for bank-

ruptcy, subject to, and affected by, all the equities and encumbrances existing against it in the bankrupt's hands, and this rule applies to purchasers at his sale. If this property had been set apart as a homestead, before said assignee's sale, the verdict should be for defendant.

The Court charged the jury, that the voluntary taking of the exemption by the bankrupt, under the Bankrupt Act, defeated the wife's right to a homestead; that the petition in bankruptcy being filed first, the Ordinary had no jurisdiction in the premises, and the purchaser at the assignee's sale got a good title against the wife and children. The jury found for the plaintiff, for the premises in dispute, and $1,200 00 for *mesne* profits. The defendant says that the Court erred in refusing to charge as requested, and in charging as he did.

LYON, DeGRAFFENREID & IRVIN; PHIL. COOK, for plaintiff in error.

LANIER & ANDERSON; HUNTER, JEMISON & NESBIT; NESBITS & JACKSON; S. ROGERS, for defendant. Prior petition in bankrupt Court ousted Ordinary's jurisdiction: Bankrupt Act 1867, by Rice, p. 43; general clause 34, p. 45; clause 46. Exemptions: R. Code, sec. 2013, Act of 1868. All bankrupt's property passed to assignee from date of application: Rice's Manual, p. 49, cl. 63 and 64. Bankrupt law paramount to homestead provisions: U. S. Constitution, Art. VII., sec. 2; State Constitution, Art. XI., sec. 1; James' Bankrupt L., 13; Am. L. Times, January, 1871, 14; 1st B. R., 125, 155; 2d, 1; Phillips vs. Morrison, last term. He elected his exemption: 41st Ga. R., 180; 3d B. R., 142. Ordinary had no jurisdiction: 20 How. R., 601; James' B. L., 13; Gay., 66; 30th Ga. R., 691; 13th, 10; 7th, 362; 12th, 424; 9th Wheat. R., 541; 11th Ga. R., 453; Lumpkin vs. Eason, *ante* this term.

Woolfolk *vs.* Murray.

McCay, Judge.

1. Very clearly, the rights of the bankrupt to an exemption, or rather the quantity of *his* property that *he is* permitted to hold exempt from the claims of the assignee, is to be determined by the bankrupt law and the Bankrupt Court. The jurisdiction of the United States over the subject of bankruptcy, is plenary : Constitution United States, Article I., section 8, paragraph 4. The only doubt there can be, on the facts of this record, is whether our law does not give the wife and family such a specific interest in and lien upon the property of the bankrupt—not for his but for their sake—as is saved by the bankrupt law itself. That law does not pretend to take, as the property of the bankrupt, anything which is not legally and equitably his; nor does it contemplate interfering with specific liens third persons may have, under the laws of the State, upon property included within the schedule.

Our Constitution, on the subject of homesteads, and the Act of 1868, indicate, very clearly, that something more is meant by the homestead provisions than a mere exemption of the debtor's property from levy and sale. The Constitution provides, that the General Assembly shall enact laws for the full and complete protection and security of the same, to the sole use and benefit of the families aforesaid : Constitution, Article VII., section 1. And the Act of 1868, to carry this provision of the Constitution into effect, provides for the application, by a next friend of the wife, apart from the husband. The Act, too, clearly contemplates that, after the laying off of the homestead, it shall become the property of the wife. She is authorized to sue for trespasses upon it, and, at her death, provision is made for its disposition, as though it were not the property of the husband at all : Act of 1868, pamphlet, page 27.

But it is very clear that until it is laid off there is no property, or right of property in the family. The right of

the wife and family to a homestead does not stand on the footing of an equitable title or lien, which follows the property into the hands of a purchaser with notice. It is a right which depends for its *existence* upon the judgment of the Court. We have held in the case of *Blivins vs. Johnson*, December Term, 1870, that when the application had been made when there was a *lis pendens*—a purchaser at sheriff's sale, under notice, bought subject to the judgment. But we have not held that any purchaser, at any time, who bought the property with the notice that the wife had no homestead, bought subject to it. It follows, from the very nature of the thing, that the wife can have no title or lien, because not only her right to it, but the number of acres and the location of it, are dependent upon the judgment of the Court. Indeed, her right depends largely upon her application. Thousands of wives and families do not apply for it. Indeed, the main and only object of the law is to interfere for the protection of the family against creditors who, if they were permitted full sway, would render the family homeless and often throw them upon the public for support. It is clear to us, therefore, that this right of the wife is no title, lien or incumbrance upon the husband's property, until it has been appropriated by a judgment. If this be so, the jurisdiction over it passes, in case of the bankruptcy of the husband, to the Federal Court.

We have in the case of *Hardeman & White*, 38th Georgia, analogized this right of the wife to the case of a preferred or prior debt, and we have spoken of the proceedings as a mode provided by law for its recovery. Perhaps that is the correct view of it.

In my judgment, the true course for these wives is to present the claims before the Bankrupt Court, not as an exemption of the husband's property, but as a claim of their own against it, having, by the laws of Georgia, a preference over other claims against him.

We have in this case allowed the decision made at this

term, in the case of *Lumpkin vs. Eason,* to be expressly questioned, and the questions argued without reference to that decision.   We abide by the decision in that case.   For myself, whilst I may not put the case upon the same ground as my brethren, I abide by the written brief statement then made of the ground of my concurrence.

Judgment affirmed.