FANNY E. LUMPKIN *et al.,* plaintiffs in error, *vs.* W. THOMAS EASON, defendant in error.

Where a homestead was claimed under the Act of 1868, by the wife of a husband, on his land, who had been adjudged a bankrupt:

*Held,* That the wife could not have a homestead on the land of her bankrupt husband, as against the assignee of the bankrupt, or those claiming title thereto under a sale made by the assignee of the bankrupt.

Ejectment. Homestead. Bankruptcy. Before Judge CLARK. Schley Superior Court. April Term, 1871.

This was ejectment by Mrs. Lumpkin and her children, against Eason. Their title was a record, showing that, on the 12th of December, 1868, the premises in dispute had been, by the Ordinary, duly set apart to them as their homestead. Defendant's title was based upon the following facts: On the 20th of May, 1868, creditors of Lumpkin, husband

of Mrs. Lumpkin, and father of said children, petitioned to have him declared a bankrupt, and that his estate be taken possession of for their benefit. On the 23d of May, the Judge of the United States District Court, issued his order, as prayed for, to take effect upon petitioners giving a certain bond. This they did on the 10th of June, 1868. On the 16th of June, Lumpkin answered, denying the acts of bankruptcy charged. There having been an order for Lumpkin to produce his books, etc., and he having refused, and a proceeding being had to punish him for contempt, on the 7th of November, 1868, he agreed, in writing, to withdraw all objection and allow himself to be adjudged a bankrupt. On the 9th of November, 1868, he was adjudged a bankrupt, and on the 28th of November, the Register in Bankruptcy appointed a temporary assignee for Lumpkin, to take and dispose of his property according to law. On the first Tuesday in January, 1869, this temporary assignee sold the premises, after due advertisement, etc., and Crawford bid it off. Afterwards, a regular assignee was appointed, and took from the Register a conveyance of all of Lumpkin's estate, owned on the 20th of May, 1868. In February, 1869, Hollis obtained from the Register an order allowing him to sell said land privately to Crawford, and he did so sell it at the price for which Crawford had bid it off. In March, 1869, Crawford sold and conveyed the land to Eason. It was shown that there was an allowance of land to Lumpkin under the bankrupt proceeding, but Lumpkin testified that this was done without his knowledge or consent. And they offered to prove by Lumpkin, that the consent to allow himself to be adjudged a bankrupt, was procured by fraud, but the Court would not permit it. It appeared that when the tempory assignee was selling the land, notice was given to Crawford and Eason, of said setting apart of the homestead therein; that because of this, Crawford refused to comply with his bid, and would not, nor did pay it, till he got the deed from the regular assignee.

Lumpkin *vs.* Eason.

These facts being proven, plaintiffs' counsel requested the Court to charge the jury: 1st. That Lumpkin's consent with his creditors could not defeat the right of his wife and children to a homestead and exemption, under the laws of this State. 2d. That the assignee succeeded only to Lumpkin's rights in his property, to the extent Lumpkin had it, subject to all equities and encumbrances existing against them in Lumpkin's hands, and the same rule applies to the purchaser at the assignee's sale. 3d. The purchaser took only the right which Lumpkin had at the time of the sale. 4th. That this property having been regularly set apart as the homestead of plaintiffs, and the purchaser having actual notice thereof, he purchased subject to the rights of the plaintiffs. 5th. If plaintiffs were in possession of the premises, under said setting apart of homestead, and defendant ousted them under the deeds from the assignee of Lumpkin to Crawford, and from Crawford to himself, plaintiffs must recover, unless this sale by the regular assignee was made under an order of the Judge of the District Court; and if the Register allowed such sale for a stipulated sum, privately, such sale to Crawford was void, and Eason's possession is wrongful. 6th. That, if Lumpkin had sold the land to Crawford, and before he paid for it, Crawford was notified by Lumpkin's wife that she intended applying for a homestead therein, he would take the land subject to her right of homestead, and he occupies the same position, having bought from the assignee after such notice. 7th. The deed from the Register to the assignee restored the title of all of Lumpkin's property, and the assignee took it as Lumpkin held it, and could not sell it so as to pass the title, except by selling it according to law. 8th. If Crawford knew, when he paid the money, that Mrs. Lumpkin had a homestead on this land, he got no title against her claim of homestead.

The Court refused so to charge, but charged that, if Lumpkin was, on the 9th of November, 1868, adjudged a bankrupt according to law, he ceased to have any control over his prop-

erty, that the title, by operation of law, passed to the assignee from the date of the petition. And if Crawford bought from the assignee and sold to Eason, Eason got a good title as against this claim of homestead. Any irregularity in Eason's title may be objected to by creditors, etc., but is of no avail to Lumpkin's wife and children.

The jury found for the defendant. Plaintiffs moved for a new trial upon the grounds that the Court erred in refusing to charge as requested, in charging as he did, and in not allowing proof that said consent to put Lumpkin into bank- ruptcy was procured by fraud. The Court refused a new trial, and that is assigned as error.

HAWKINS & BURKE; P. COOK; M. H. BLANFORD; N. A. SMITH and C. B. HUDSON, for plaintiffs in error, supported their requests as follows: The first: 39 Ga. R., 425; Kelly *vs.* Stephens, 39 Ga. R.; Hodo *vs.* Johnson & Heath, 40 Ga. R. The second: 2 Story, 334; 2 Saund., 494; Bankrupt Act, secs. 14, 15, 43; 5 Gill, 346; 3 B. R., 181; 9 Am. L. R., 349; 5 L. R. 507. The third: Bankrupt Act, sec. 43; 17 Sheph., 121; 2 Story, 360, 630. The fourth: 3 Wheat., 234; 16 Am. L. R., 100; B. R., 36. The fifth: Bankrupt Act, secs. 13, 14, 15; 1 B. R., 19. The sixth, seventh and eighth: 40 Ga. R., 294, 297.

C. T. GOODE; HAWKINS & GUERRY, for defendants.

WARNER, Judge.

This was an action of complaint, instituted by Mrs. Fannie E. Lumpkin and her children against the defendant, to recover the possession of a tract of land. The record discloses the following facts: On the 9th day of November, 1868, John T. Lumpkin, the husband and father of the plaintiffs, was adjudged a bankrupt, and on the 28th of November, 1868, an order was granted appointing assignees to take charge of the property of the bankrupt, and dispose of it in accordance

with the terms of the Bankrupt Act of Congress. The land was sold by the assignees of the bankrupt, purchased by Crawford, in the manner and under the circumstances set forth in the record, who conveyed it to the defendant. On the 12th of December, 1868, the land in dispute was set apart by the Ordinary of Schley county as a homestead to Mrs. Lumpkin and her children out of the land of her husband, who was then a declared bankrupt, and this is the foundation of her title to the land. Under the provisions of the 14th section of the Bankrupt Act of 1867, all the property of the bankrupt, both real and personal, vested in the assignee from the time of the commencement of the proceedings in the Bankrupt Court, except such property as is specified in the Bankrupt Act, and such other property as was exempted from levy and sale by the laws of this State in the year 1864. The question in the case is, whether the plaintiffs, under the provisions of the Homestead Act of 1868, acquired any title to the land set apart to them for a homestead, as against the title of the assignee of the bankrupt and those claiming under the sale made by such assignee? Although the sale made by the assignee of the land may have been irregular and void, still if the title thereto was vested in the assignee of the bankrupt from the time he was declared a bankrupt, the plaintiffs acquired no title to the land under the Homestead Act, which would have authorized them to recover it from the possession of the defendant. On the trial of the case, the jury, under the charge of the Court, found a verdict for the defendant, to which charge, and refusal to charge as requested, the plaintiffs excepted. On the statement of facts disclosed by the record there was no error in the charge of the Court to the jury, or in the refusal to charge as requested, that the setting apart of the homestead to the plaintiff out of her husband's property, *after he was adjudged a bankrupt*, conferred no title upon her to that property, or *lien* upon it as against the assignee of the bankrupt and those claiming under such assignee. If the sale of the land by the

assignee was irregular and void, still, the title thereto would be in the assignee and not in the plaintiff, and she could not recover the land from the possession of the defendant, though he may not have had a good title.

Judgment affirmed.

McCay, Judge, concurring.

The rights of a wife and children to a homestead provision out of the property of the husband is not such a lien upon the same as follows the property into the hands of a third person acquiring title before any application is made to the Ordinary to set the same apart, and if the husband be declared a bankrupt before homestead is set aside the rights of the wife is matter for the adjudication of the Bankrupt Court, and the State Courts have no jurisdiction over the same.