JAMES SEYMOUR, plaintiff in error, *vs.* HENRY MORGAN, defendant in error.

(BY TWO JUDGES.)—1. Equity will not interfere to restrain a trespass, unless it affirmatively appears that the damage will be irreparable, or, from the insolvency of the trespasser, or other cause, the remedy at law is incomplete.

2. A sheriff has no authority to put a purchaser of real estate, at a sheriff's sale, in possession, if to do so it is necessary to turn out a purchaser, from the defendant in execution whose title is anterior to the date of the judgment, even though it be true that, for some reason, the judgment was a lien anterior to its date, so that the purchaser gets a good title. 20th February, 1872.

Equity. Trespass. Purchasers at sheriffs' sales. Before Judge STROZIER. Dougherty Superior Court. December, 1871.

Seymour's bill against Morgan made this case: On the 31st of December, 1863, N. W. Collier sold to Ross a certain lot in Albany, and Ross sold it to Seymour, on the 5th of November, 1864, and Seymour continuously thereafter held quiet possession thereof. Wimberly held a *fi. fa.* against Collier, and had said lot levied upon. The sheriff did not describe the lot fully; gave no notice thereof to Seymour or his tenants, and sold the same at sheriff's sale to Henry Morgan for the inadequate price of $100. This *fi. fa.* was levied on the 3d of April, 1869, by Brown, deputy sheriff, and Seymour's agent claimed the property, and thus stopped the sale; but these claim papers were lost, and the sheriff sold the property in 1871, and threatens to put Morgan in possession. Besides, this *fi. fa.* was founded upon a contract made prior to June, 1865, and was therefore subject to be scaled. And this sale occurred, though no affidavit of the payment of taxes was filled as required by the Relief Act of 1870. Besides, he had had possession of said property for four years prior to said levy, and therefore the property was relieved from the lien. Again, after said levy was made, Morgan, who was Wimberly's attorney, ordered.

Brown not to advertise and sell said property, and this was, in law, a dismissal of said levy. He prayed that the sheriff be enjoined from putting Morgan in possession. Injunction was temporarily granted.

Morgan answered as follows: Wimberly obtained said judgment as trustee for certain persons who were minors at the date of the judgment, and therefore the Relief Acts as to affidavits, etc., did not apply. This judgment was obtained in 1861; was appealed from, and the appeal was dismissed in 1866. He ordered the levy made as plaintiff's attorney. No claim was filed, but the sale did not occur, because it was prevented by a bill in equity by one Cargile *vs.* Crawford. As soon as this cause was disposed of by the Supreme Court the *fi. fa.* was turned loose, and he ordered the sheriff to proceed on said levy. The sheriff did proceed, and he bought the property fairly at sheriff's sale *without notice of any diffi-*culty in the premises. He charged that Seymour did have notice of the levy, and that it fully described the property. Upon the coming in of this answer he resisted the extension of said injunction. At the hearing, Seymour's agent swore that he had filed a claim against said levy of April, 1869; but the sheriff made affidavit that that claim was to other property of Seymour's, levied on by other *fi. fas.*, and the sheriff also swore that he gave said agent notice of said intended sale, but he admitted that no notice was given at the time of the levy, saying he did not give it because no one was then in possession. It further appeared that when the sheriff was about to sell said land, it was announced by Seymour's friends that the land was his, and that whoever bought it would buy a law-suit; that Morgan told the sheriff to go on and bid off the property.

The Judge refused to continue the injunction, upon the ground that the equity of the bill was sworn off. That is assigned as error.

VASON & DAVIS, by CLARK & GOSS, for plaintiff in error.

H. MORGAN, by S. B. SPENCER, for defendant.

McCAY, Judge.

We affirm the judgment in the case, on the sole ground that the complainant has not made out a case for equitable jurisdiction.    He has a good remedy at law, and equity will not interfere.    At common law a purchaser of real estate only gets the defendant's title.    The sheriff was not authorized to put him in possession, as our Code, section 3601, only authorizes the sheriff to turn out the defendant, his heirs or their tenants, or assignees *since the judgment*.    It appears plainly in this bill, that the present owners of this land, though they are assignees of the defendant, are not assignees *since the judgment*, and the sheriff has no right to turn them out by notice of the sale.    If he does so he is a trespasser, and every remedy will lie against him and those he puts in possesssion that will lie against any other trespasser.

It would be giving very extraordinary power to a sheriff's sale to say that the sheriff might put the purchaser in possession by turning out all who cannot set up a good title against the sale.    It would be a very short way to change the possession in case of a dispute about the title.    The statute is the rule. The sheriff may turn out the defendant, his tenants and his assignees, since the *judgment;* further than this he cannot go. The fact that the lien of this judgment dates back does not help the case.    One buying land after a judgment against the owner which has been vacated by an appeal, buys it with notice and subject to the final judgment, but he is no more a purchaser after the judgment than one who buys with notice of the vendor's lien or with notice of any other fact which will make the land subject to a judgment against his vendor.

What may be the real rights of these parties, is not now before us, and we give no opinion on the subject.    We therefore simply say, that under the facts as they are stated, Seymour does not stand as an assignee of the defendant in

the *fi. fa. after the judgment*, and cannot be turned out of possession by the sheriff in the summary way proposed, even though the purchaser at the sale may prove to have the superior title.

Judgment affirmed.