## BROWN *vs.* DRIGGERS *et al.*

[This case was argued at the last term and the decision reserved.]

An exemplification, or certified copy of the plat of homestead and schedule of personalty, set apart by the ordinary and approved by him, certified by the clerk of the superior court of the county where the same are recorded, is only secondary evidence under sections 3816 and 3817 of the Code ; and such certified copy is not admissible in evidence until the original, which should be in the possession of the party claiming the homestead, is accounted for.

Evidence. Homestead. Before Judge TOMPKINS. Bulloch Superior Court. March Term, 1877.

Reported in the opinion.

A. B. SMITH ; R. E. LESTER, for plaintiff in error.

P. W. MELDRIM, for defendants.

JACKSON, Judge.

This was a bill filed by Mrs. Driggers and children, to set aside a deed made by Mark Driggers and wife to Brown, for a tract of land alleged to be the homestead of the family. The defendant answered denying that the homestead was valid, and putting in issue the allegations of the bill in general.

The jury, under charge of the court, found for complainants ; a decree was entered accordingly, and Brown moved for a new trial. The motion was overruled and he excepted.

The case turns on a single point. The court admitted in evidence a certified copy of the plat of the homestead from the clerk's office of the superior court of Bulloch county, and the question is, was it properly admitted over the objections of the defendant.

That depends, in our judgment, solely upon the question whether the original was an office paper, or the private muniment of title of the complainants. If it was an office paper it was properly admitted without the application to the ordinary and without the other papers in his office ; if it was a private paper belonging to the complainants as evidence of their title, the original in their possession, or which should be in their possession, is the better and higher evidence, and the copy record is not admissible until that original is accounted for.

Section 3816 of the Code is in these words : " The certificate or attestation of any public officer, either of this state

or any county thereof, shall give sufficient validity or authenticity to any copy, or transcript of any record, document, paper, or file, or other matter or thing, in their respective offices, or pertaining thereto, to admit the same in evidence in any court of this state."

The next section, 3817, declares that " such exemplifications shall be primary evidence as to all records, or other things *required by law to remain in such offices,* but *only secondary* evidence of such documents as, by law, properly remain in possession of the party."

The act of 1877, page 18, makes this " record or certified transcript of the same, etc., *competent evidence* in all the courts of this state ", but whether *primary* or *secondary* evidence is not declared ; so that whether it is *primary* or *secondary* evidence still depends on the sections of the Code just cited.

There is no law which requires the original schedule and plat, marked approved by the ordinary, to remain in the office of the clerk of the superior court ; on the contrary, it would seem to be, by law, appropriately left with the occupants of the homestead as their title, or the evidence thereof, to their home, and the articles exempted therein.   And such we learn is the practice in the courts of ordinary and with the clerks of our superior courts.   The record does not disclose the fact that the original was destroyed, or lost, or otherwise unavailable, so as to introduce the secondary evidence.   Without such proof of loss or destruction of the primary evidence, the secondary was inadmissible. There must therefore be a new trial.

Judgment reversed.