LAREY *v.* BAKER, and *vice versa.*

1. Where a portion of the land set apart as a homestead was leased by the head of the family with the stipulation that if the lessee failed to work it, such lessee should pay a certain forfeiture, such forfeiture was part of the profits of the homestead estate.
2. After joining issue upon a claim and introducing evidence thereon, it is too late to move to strike the claim for "legal insufficiency," and because it does not meet the requirements of the statute providing for its interposition. Moreover, the ground of objection to the sufficiency of the claim should be more specific.
(a) If the court was right in refusing to dismiss the claim, he was right also in refusing to award a judgment at that stage of the case.
(b) The original homestead papers, not the record of them from the clerk's office, were proper evidence. But the party on whose objection the original papers were rejected can take no advantage of the error in admitting the record of them.
(c) The application for homestead need not be approved by the ordinary; the law requires him to endorse his approval upon the schedule and plat.
(d) Questions not made in the court below or which, if made, are not determinable from the record, are not for adjudication by the Supreme Court.
July 7, 1890.

Claim. Homestead. Practice. Evidence. Before Judge ATTAWAY. City court of Cartersville. September adjourned term, 1889.

Baker, as transferee of a *fi. fa.* in favor of Waitz-felder & Co. against Kitty P. Deweese, now Kitty P. Larey, sued out summons of garnishment directed, among others, to the Bartow Paint & Pulverizing Co. It answered that it was indebted to defendant $10, which sum became due to her as forfeiture for failing to work property leased from her. The husband of the defendant, as her agent, made affidavit that the sum mentioned was not the property of defendant, but was the property of defendant and her minor children, naming them, and was the proceeds of lands set apart as a homestead and exemption for the benefit of defendant and the children, and was not subject to levy and sale, or garnishment, and was, to the best of deponent's knowledge and belief, the property of defendant and her minor children, free from liability on said *fi. fa.* Upon the claims so interposed issue was joined in writing, and the court held that the burden of proof was upon plaintiff in *fi. fa.* Plaintiff introduced the declaration, judgment and *fi. fa.* in the case of Waitz-felder & Co. against Kitty Deweese. The declaration recited that the indebtedness of defendant was upon an open account, as would more fully appear by reference to a bill of particulars annexed. The bill of particulars was headed "W. A. Deweese, agent. Bought of S. L. Waitzfelder & Co." Service of this declaration was made by leaving a copy at the most notorious place of abode of defendant. The plaintiff also introduced the judgment and *fi. fa.* The judgment appears to have been one rendered by the court, the suit having been brought in the county court of Bartow county. The *fi. fa.* bears an entry of transfer, for value received, to Baker & Hall, signed "R. W. Murphey, plaintiff's attorney," and also an entry that the *fi. fa.* was transferred by Baker & Hall to J. A. Baker. The plaintiff then moved to strike the claim for legal insufficiency,

and because the same did not meet the requirements of the statute for interposing claims in garnishment cases. This motion the court overruled, holding that the insufficiency, if any, was waived. The plaintiff also moved for a judgment against the garnishee, which motion was overruled. He also showed that the sum which the garnishee answered it was indebted to the defendant became due to her in the following way: it leased lands from her and was to pay her $1 per ton royalty on the ochre mined, and in the event it did not work, was to pay her a forfeiture, and the money arose by forfeiture by failure to work.

The claimant tendered the original homestead papers, and also the record of the same from the office of the clerk. The original papers were objected to, and the objection sustained. The record was also objected to because it was secondary and not original evidence, but this objection was overruled. It appears from this record that the petition was made by Mrs. Deweese, as the head of a family (she being a widow) consisting of herself and her three minor children, for the setting apart of a homestead and exemption for the benefit of herself and minors; and among other property named in the schedule accompanying the petition were ninety acres of land upon which she then resided. It further appears that this land and other property were set apart to her. Evidence was introduced by the claimant tending to show that the children were still minors, dependent upon their mother for support, and that the rents, issues, etc. of the homestead were necessary for their support, and that the $10 in controversy were a forfeiture arising under an agreement between her and the garnishee, because of their failure to mine for a certain length of time for ochre upon land embraced in the homestead.

The jury found for the plaintiff, and the claimant moved for a new trial on the following grounds:

(1–2) Verdict contrary to law and evidence.

(3) Error in holding that the plaintiff in *fi. fa.* took the burden and was entitled to open and conclude the argument.

(4) Error in overruling claimant's objections to the admission in evidence of the declaration, judgment and *fi. fa.*, these objections being on the grounds that the record showed upon its face that the judgment was a nullity ; the suit was against Kitty Deweese and averred her to be indebted upon an open account annexed, when the account was against a wholly different party; the record showed that the judgment was rendered by the court as by default without proof, there being no personal service upon her; the *fi. fa.* appeared to be transferred by plaintiff's attorney to Baker & Hall and by them to Baker, but there was no proof showing any authority to the attorney to make a transfer, nor any notification by plaintiff in *fi. fa.* of his transfer.

(5) Error in refusing to charge that if the indebtedness in controversy was caused by the homestead, then it was a produce of the homestead, and the jury should find for the claimant.

(6) Error in refusing to charge: If you find that the ten dollars in dispute here is the ten dollars that the Bartow Paint & Pulverizing Company agreed to pay Mrs. Larey for not working her homestead property, then you will find the property not subject.

(7) The court, having charged the jury as requested by claimant, that "the record of the homestead of Mrs. Larey, which the court has allowed to go in evidence, is a good homestead," then refused to charge : All you have to do is to find whether or not the ten dollars was agreed to be paid for not working the homestead property. If the ten dollars was agreed to be paid for not

working the homestead property, then the ten dollars is not subject and you will so find.

The motion was overruled, and the claimant excepted. Baker excepted by cross-bill, alleging that the court erred in refusing to strike the claim, in overruling his motion for judgment, in admitting the record of homestead, and in charging that "the record of the homestead which the court has allowed to go in evidence before you, is a good homestead."

A. S. JOHNSON and AKIN & HARRIS, by brief, for claimant.

BAKER & HEYWARD, contra.

SIMMONS, Justice.

The facts of this case will be found in the official report. Under those facts, we think the court erred in refusing to grant a new trial upon the 5th, 6th and 7th grounds of the motion. The facts show that a homestead had been set apart to Mrs. Larey as the head of a family, and that a portion of the realty so set apart to her as a homestead had been leased by her to the Bartow Paint & Pulverizing Company for the purpose of mining it for ochre. It was stipulated in the lease contract that if the company failed to work the land, it should pay a stipulated forfeiture. The company did fail to work it, and in its answer to the summons of garnishment served upon it, admitted it was indebted to Mrs. Larey, the claimant, ten dollars as a forfeiture. Under this state of facts, we think the court should have charged the jury as requested in the 5th, 6th and 7th grounds of the motion. Our code, §2026, provides that "All produce, rents or profits arising from homesteads in this State . . shall be exempt from levy and sale," etc. We think the money in controversy was the profits arising from the homestead estate, just as much so as if the land had been rented by Mrs.

Larey for a stipulated price in money and the renter had·failed to cultivate the land, for in that case the renter would still owe her the amount of the rent, and such rent would be the profits arising from the homestead. So, when she leased the land to this company, and it agreed to pay a stipulated forfeiture in the event it failed to work it, and it did so fail, she was entitled to the forfeiture, and such forfeiture was as much the profits arising from the homestead estate as if she had rented the land for the purpose of cultivation, or the company had worked it and paid her one dollar per ton as it agreed to do in the lease. As this ruling will finally dispose of the case, it is unnecessary to discuss the other grounds taken in the motion for a new trial.

Baker, the defendant in error, filed a cross-bill of exceptions in which he alleges that he "moved the court to strike the claim interposed for legal insufficiency, and because the same did not meet the requirements of the statute for interposing claims in garnishment cases, which the court refused to do." The record shows that when the claim was interposed, Baker joined issue thereon and introduced his evidence, and then made his motion to strike the claim. We agree with the court below that this motion came too late. If the motion was a good one, he should have made it before issue was joined, and not have waited until he had introduced his evidence before making it. Furthermore, it does not appear from the record upon what ground he based his motion to strike the claim for "legal insufficiency," or wherein it would not "meet the requirements of the statute for interposing claims in garnishment cases." He should have been more specific in his objections, and have informed the court upon what ground the claim was insufficient. He also moved the court, at that stage of the proceeding, for a judgment. Of course, if the court was right in refusing

to dismiss the claim, he was also right in refusing to award judgment at that stage of the case. Baker also states in his cross-bill of exceptions that "counsel for claimant tendered as evidence the original homestead papers, and also the record of the same in the clerk's office. To said original homestead and to this record said Baker objected because it was secondary evidence. The court rejected the original evidence (or rather the original homestead papers) and admitted in evidence the record in the clerk's office. To this ruling said Baker then excepted, now excepts, and assigns the same as error." We think the court was wrong in admitting the record from the clerk's office and rejecting the original homestead papers. He should have admitted the original papers and rejected the record from the clerk's office, as was decided by this court in the case of *Brown* v. *Driggers*, 60 *Ga.* 114. But as the error was caused by Baker objecting to the original homestead papers, he ought not to be allowed to take advantage of it. He cannot take a benefit from his own wrong.

The next error assigned in the cross-bill of exceptions is, that the court charged the jury as follows: "The record of the homestead of Mrs. Larey, which the court has allowed to go in evidence before you, is a good homestead." There is no reason assigned in the bill of exceptions why this charge was erroneous. We have carefully examined the record and fail to find any valid objection to said homestead. It was urged in the argument here that the homestead was invalid because the application for the same was never approved by the ordinary; that only the plat was approved. It is unnecessary, under the law, for the application to be approved by the ordinary. The law requires him to endorse upon the schedule and plat "approved." The schedule of the personal property was approved by the ordinary, and the plat returned by the surveyor was

also approved.   This was all that was necessary for the ordinary to do under the law.   See Code, §2009.

It was also argued here that no notice of the application was ever given to Waitzfelder & Co., the original plaintiffs in *fi. fa.*, and that the homestead was therefore void as to them or persons claiming under them.   We have searched the record diligently and cannot find that this point was made in the court below, or that there was any evidence to sustain it if made.   There was, therefore, no error in the court giving the charge complained of to the jury.

Judgment reversed as to the original bill of exceptions, and affirmed as to the cross-bill of exceptions.