## COOK *et al.* v. HENDRICKS *et al.*

1. "A bill of exceptions which sets forth a general complaint of the granting of an injunction will not be dismissed on the ground that it does not contain a legally sufficient assignment of error, if it be practicable for this court, looking to both the bill of exceptions and the transcript of the record, to ascertain what questions were passed on by the trial judge and what rulings the plaintiff in error seeks to have reviewed."

(a) None of the grounds of the motion to dismiss the bill of exceptions are sufficient.

2. A purchaser at a sheriff's sale of land burdened with a homestead takes the property subject to the homestead; but if there is no judgment of the ordinary setting apart the homestead, there is no homestead, and such purchaser secures a good title.

(a) Among other requisites to constitute a valid judgment setting apart a homestead, the ordinary shall endorse his approval upon the schedule of property, and upon the plat of the surveyor; and it appearing in this case that this was not done, the homestead was void.

3. The doctrine of lis pendens is not applicable in this case, (1) because an application to set apart a homestead is not a suit; (2) because the application had been finally passed upon long before the sale and purchase, and was not then pending; and (3) because the title or rights of the plaintiffs in error, if any they had, rested upon a void homestead.

4. The court did not err in denying an interlocutory injunction.

OCTOBER 20, 1916.

Petition for injunction. Before Judge Thomas. Berrien superior court. January 22, 1916.

This was a petition brought by B. T. Cook as head of a family, and Gorilla Cook in behalf of herself and her minor children, for the purpose of enjoining R. A. Hendricks and others from dispossessing them of certain lands sold at sheriff's sale to satisfy a mortgage fi. fa.; petitioners contending that said lands had been duly set apart as a homestead, and therefore were exempt from levy and sale. Upon the hearing the judge revoked the restraining order previously granted, and refused the interlocutory injunction. Thereupon the plaintiffs excepted. When the case was called in the Supreme Court, a motion was made to dismiss the bill of exceptions.

On the trial the plaintiffs swore that all of the homestead papers had been lost or destroyed. A duly certified copy of said papers from the record of homesteads was introduced in evidence. These records failed to show that the ordinary ever approved the schedule of property and the plat of the surveyor. It appears from the record that the application for homestead was filed during the year 1893, the schedule of property being dated June 4, 1893. The return of the surveyor was made on June 17, 1893, and all of the papers were recorded on September 14, 1893.

*J. P. Knight* and *W. R. Smith,* for plaintiffs.

*Patterson & Copeland* and *Hendricks, Mills & Hendricks,* for defendants.

GILBERT, J. (After stating the foregoing facts.)

1. "A bill of exceptions which sets forth a general complaint of the granting of an injunction will not be dismissed on the ground that it does not contain a legally sufficient assignment of error, if it be practicable for this court, looking to both the bill of exceptions and the transcript of the record, to ascertain what questions were passed on by the trial judge and what rulings the plaintiff in error seeks to have reviewed." *Anderson* v. *Newlon, 123 Ga.* 512 (51 S. E. 508). None of the grounds of the motion to dismiss the bill of exceptions are sufficient.

2. Where the head of a family applied, as provided by law, to have a homestead set apart for his family, if the land was sold at sheriff's sale pending this application, the purchaser at such sale with notice that such application was pending took the property subject to the encumbrance of the homestead when properly laid off; provided the other requirements of the law in regard to setting

apart a homestead were complied with. *Kilgore* v. *Beck,* 40 *Ga.* 293 (1). "The right of the wife and family to a homestead does not stand on the footing of an equitable title or lien, which follows the property into the hands of a purchaser with notice." *Woolfolk* v. *Murray,* 44 *Ga.* 133, 137.

While the doctrine of notice applies, as stated above, the right of the beneficiaries to the homestead depends for its existence upon the judgment of the court of ordinary. If the court fails to render a judgment, and no steps are taken to secure a valid judgment, it follows that there is no homestead, and the purchaser in such event would secure a good title. *Woolfolk* v. *Murray,* supra.

Among other requisites to constitute a valid judgment setting aside a homestead to the head of a family, the ordinary shall endorse his approval upon the schedule of property, and upon the plat of the surveyor. Civil Code (1910), § 3385; *Larey* v. *Baker,* 85 *Ga.* 687 (c), 693 (11 S. E. 800); *King* v. *King,* 143 *Ga.* 385 (2), 388 (85 S. E. 95); *West* v. *McWhorter,* 141 *Ga.* 590 (81 S. E. 859).

In *Dunagan* v. *Stadler,* 101 *Ga.* 474, 477 (29 S. E. 440), it was said that the ordinary, in entertaining an application for a homestead allowed by the constitution, and in passing upon questions raised, and in finally acting upon the application, acts in a judicial capacity and constitutes a court. The notice referred to as binding purchasers of property sought to be set aside as a homestead continues only until the judgment of the ordinary is rendered, and that judgment is controlling and binding. The rights of the purchaser after judgment can not be affected by anything other than the judgment. Bennett on Lis Pendens, § 78. The ordinary having failed to approve the schedule and plat, and as there is no valid homestead, purchasers thereafter could not be affected by any of the proceedings instituted for the purpose of having said land set aside as a homestead. *Paschal* v. *Hutchinson,* 119 *Ga.* 244, 245 (46 S. E. 103).

3. Counsel for the plaintiffs in error insist that, under the doctrine of lis pendens, "the proceedings for homestead set out in the record constitute notice to all the world from the time the petition is filed; and if the same is duly prosecuted, one who purchases pending the suit is affected by the decree rendered therein." The vice of this contention lies in the fact that the application to set

apart the homestead is not a suit. A suit at law is a remedy to enforce a right to recover for a violation of a contract, or for an injury done. Civil Code (1910), § 3652. The term "lis pendens," sometimes loosely employed as being synonymous with notice, has application to pending suits, and is then only general notice of an equity or a claim, if the same is duly prosecuted. "Lis pendens is often spoken of as notice of lis pendens, and, in many of our digests of reports, the cases are placed under the head of 'Notice.' This is not correct. . . It is scarcely correct to speak of lis pendens as affecting the purchaser through the doctrine of notice, though undoubtedly the language of the courts often so describes its operation. It affects him, not because it amounts to notice, but because the law does not allow litigant parties to give to others, pending the litigation, rights to the property in dispute, so as to prejudice the opposite party." Bennett on Lis Pendens, § 17. It is necessary to have a correct understanding of the meaning of the term "lis pendens," and of its object, in order to make a correct application of the rule. The courts as well as the legal profession have often employed the term in a way tending to mislead and confuse. "Lis means an action, a suit, a cause, a controversy. Pendens is the present participle of pendo, meaning continuing or pending." Bennett on Lis Pendens, § 2. Lis Pendens, therefore, means a pending suit. "The sole object of lis pendens is to keep the subject in controversy within the power of the court until the judgment or decree shall be entered, and thus make it possible to give effect to the decrees and judgments of courts of justice." Id. § 12. "The foundation of the doctrine of lis pendens does not rest upon notice, actual or constructive; it rests solely upon necessity,—the necessity that neither party to the litigation should alienate the property in dispute so as to affect his opponent." Id. p. 78.

The application to have the homestead property set apart was finally acted upon when the ordinary undertook to pass a judgment. In the year 1912, when the plaintiffs foreclosed the mortgage on the alleged homestead property, and the same was sold by the sheriff, the proceedings in the court of ordinary were no longer pending. Such an application, therefore, considered as a suit, instituted in 1893, was not prosecuted as required by the statute, so as to have set apart to the applicant a valid homestead in the

land; and where the same parties borrowed money from a person having no actual notice and no notice of any character other than the application for a homestead described above, and executed a mortgage upon said land to secure the payment of the money borrowed, and undertook to assert their right to homestead by way of injunction in 1915, after the foreclosure of the mortgage, and after the sale of the property by the sheriff, they can not be said to have "duly prosecuted" their proceeding. "It is uniformly held, that in order that a purchaser pendente lite may be affected by the lis pendens, the suit must be prosecuted in good faith, with all reasonable diligence, and without unnecessary delay; and that the question of 'reasonable diligence in prosecuting the suit must depend upon the circumstances of each case." *Tinsley* v. *Rice,* 105 *Ga.* 285, 288, 289 (31 S. E. 174), and authorities cited. It follows from what has been said that the court committed no error in refusing an interlocutory injunction; and the judgment is therefore                              *Affirmed. All the Justices concur.*