Hughes, J.
This is an action in partition, before-this court on appeal. The facts, as we find them to be, are as follows:
During the year 1917, the defendant, Bertha Clabaugh, and her husband, purchased lot number 1800 in the city of Bucyrus, Ohio, taking title jointly for the same and in equal moieties. In February, 1921, the defendant filed a petition in the court of common pleas of Crawford county, Ohio, praying for divorce and alimony and custody of children, and for a determination of the property rights between her and her husband. In this petition she alleged that the purchase money with which this lot was procured had been furnished by her entirely. During the pendency of this action the plaintiff, Chester A. Meek, without any actual knowledge of the claims made by the defendant in that suit, purchased from the husband his half interest in this lot and took his warranty deed for the undivided half thereof.
Defendant’s action was thereafter prosecuted to the end that divorce and alimony were denied, no adjudication of property rights allowed, and her petition dismissed at her costs. From this judgment she prosecuted error to the court of appeals, where the judgment of the court below was affirmed.
In this action for partition the defendant sets forth in her answer practically the same claim made in her divorce case; that is, that the purchase price' of this lot was furnished by her entirely and that her husband had no interest therein. She therefore seeks to enforce a trust for her benefit against the plaintiff here, on the theory that he was a purchaser pendente Ute.
The theory of the defendant is based upon the *369 claim that the pending suit is notice to the world of any claim a party therein may have regarding the subject-matter of the suit, and that regardless of the judgment therein the party still has a right to assert that claim against a purchaser pendente lite.
There may be found in decisions, and in some language used by text-writers, sufficient to justify this contention. However, we believe this is a misconception of the rule, for, while it does operate as notice pending the suit, the rule is not based upon this fact but was established to prevent the alienation of property which was the subject-matter of litigation.
“ ‘The rule, as to the effect of lis pendens, is founded on the necessity of such rule, to give effect to the proceedings of a court of justice. Without it, every judgment and decree for specific property might be rendered abortive by successive alienations. This necessity is so obvious, that there is no occasion to resort to the presumption of notice of the pendency of the suit, to justify the rule. * * * This principle, however necessary, was harsh in its effects on purchasers, and was confined in its, operation to the extent of the policy upon which it was founded; that is, to the giving full effect to the judgment or decree which might be rendered in the suit depending at the time of purchase. As a proof of this, if the suit was not prosecuted with effect, as if a suit at law was discontinued, or a suit in chancery dismissed for want of prosecution, or for any other cause not upon the merits, although the plaintiff might bring a new suit for the same cause, he must make him who purchased during the pendency of the former suit a party; and in this suit the pur *370 chaser would not be at all affected by the pendency of the former suit at the time of his purchase. If a lis pendens was notice, then it should bind the purchaser, like actual notice in any subsequent suit prosecuted for the same cause; but this it does not. English judges and writers have carelessly called it notice, because, in the one single case of the suit prosecuted to a judgment or decree it had the same effect upon the interest of a purchaser as notice had, though for a different reason. But the courts have not in any case given it the real effect of notice.’ ” Cherry v. Dickerson, 128 Ark., 572 (194 S. W. Rep., 690).
See also Bailey v. Ford, 132 Ark., 203 (200 S. W. Rep., 797).
“ ‘The sole object of Us pendens is to keep the subject in controversy within the power of the court until the judgment or decree shall be entered, and thus make it possible to give effect to decrees and judgments of courts of justice.’ ” Cook v. Hendricks, 146 Ga., 63 (90 S. E. Rep., 383).
To the same effect is Glattli v. Bradford, 105 Miss., 573 (62 Southern Rep., 643).
Our attention has been called to no case in Ohio which defines the rule with this particularity.
However, our supreme court has recognized the rule that the decree of the court binds the property in the hands of the purchaser, although he is not a party, and though he purchased with no actual notice of the claim of the party in the suit, and that he is bound by the decree that is eventually entered. Fox v. Reeder, 28 Ohio St., 181; Benton v. Shafer, 47 Ohio St., 117, and Stewart, Admr., v. Wheeling & Lake Erie Rd. Co., 53 Ohio St., 151.
It must follow that plaintiff’s title to the undi *371 vided one-half of the lot in question here is not affected by any claim the defendant might have, inasmuch as the decree and judgment in her suit prosecuted against her husband were adverse to her and her petition was dismissed without any relief granted her.
Partition will therefore be awarded.

Decree mcordmgh/.

Warden and Grow, JJ., concur.