McWILLIAMS *v.* BONES, trustee.

1. A petition for homestead may be amended by adding to the schedule something which has been omitted, but not by striking therefrom any article of property therein set forth. If the applicant has by mistake inserted property belonging not to him but to another, he should dismiss his application and file another one, omitting such articles of property not belonging to him as were in the previous schedule.

2. The sale by the applicant, after making his application, of an iron safe which he had placed on his schedule, was sufficient to have defeated the application, unless he accounted for the money the safe brought, and delivered up the same for the benefit of his creditors.

3. The receiver contemplated by the code, §§2033–5, should be appointed by the court, though there be no motion therefor.
January 8, 1890.

Homestead.   Exemptions.   Statutes.   Amendment.

Receivers. Before Judge MADDOX. Floyd superior court. March adjourned term, 1889.

Reported in the decision.

DEAN & SMITH, for plaintiff in error.

C. N. FEATHERSTON and W. W. BROOKES, contra.

BLANDFORD, Justice.

Bones made an application for exemption, and to his petition he annexed as an exhibit a list of certain articles of furniture among other things, and made the affidavit required by law. McWilliams appeared and entered a *caveat* to this application, in which he averred that Bones had not made a full and fair exhibit of all of his property. The ordinary granted the application and set aside certain land as an exemption. McWilliams appealed to the superior court, and upon the appeal Bones proposed to strike from the list of articles exhibited to his petition the furniture therein mentioned. To this McWilliams objected, and the court overruled the objection and allowed these articles to be stricken from the list appended to Bones' petition. And thereupon, a trial was entered into, and it was shown by Bones himself that a certain iron safe which was on the list of property annexed to his petition had been sold by Bones since the trial before the ordinary, which brought thirty dollars, and the money had been paid over by Bones to his mother, as Bones alleged, in payment of a debt which he owed his mother. Thereupon the court held that this act of Bones would not defeat his application for a homestead,—that it would simply reduce the amount of the homestead or exemption as to the value of the safe ; and the court allowed the jury to find a verdict in favor of Bones. McWilliams thereupon moved for a new trial, alleging as error these several decisions of the court stated, and further assigning as error the failure of the court to appoint a

receiver to take charge of the property of Bones in accordance with the statute, which is also excepted to and made a ground of the motion for a new trial.

1. The scheme of our statute and law upon the subject of homesteads and exemptions is, that the applicant shall make a full and a fair exhibit of all of his property which he owns as trustee, if he seeks an exemption out of the trust property, so that whatever may be found over and above the amount which is to be exempted to him may be turned over to a receiver, to be by him sold and the money paid over to the ordinary for the purpose of paying the debts of the person seeking the exemption, according to their priority and dignity. See Acts of 1872, page 44; Code, §§2033, 2034, 2035. The law requires the applicant to accompany his petition with a schedule containing a minute and accurate description of all the real and personal property belonging to the person from whose estate the exemption is to be made, so that the persons interested may know what is exempted and what is not. It further provides that the petition may be amended at any time prior to the final proceedings before the ordinary. We are of the opinion that §2003, which allows the petition to be amended, means that it may be amended by adding to the schedule something which has been left out, but cannot be amended by striking from the schedule any article of property set forth in the same. If the applicant has made a mistake, and has inserted in his schedule property which does not belong to him but belongs to another, then he should dismiss his application and file another application, from which he may leave out such articles of property as had been theretofore put in his schedule which did not belong to him; but the court has no authority to allow him to amend his schedule by striking therefrom any property mentioned therein. So we think the court was wrong in

allowing the amendment made; the amendment contemplated by this law being an addition to, not a subtraction from, the schedule as originally presented and sworn to by the applicant.

2. Section 2005 requires the applicant to make a full and a fair disclosure of all the personal property, including money, stocks and bonds, of which he may be possessed at the time, and all such money or property which he may hold in excess of the said exemption is made subject to the debts of said applicant; and requires all of such property in excess to be delivered up for the benefit of his creditors. So we think that the fact that the applicant, after he had made application, sold and disposed of an iron safe which he had placed upon his schedule, deprived him of the right to homestead or exemption; and this was sufficient to have defeated his application unless he accounted for the money which the safe brought, and delivered up the same for the benefit of his creditors.

3. We think the court should also have appointed a receiver in this case. It was its duty to have done so without any application on the part of any creditor. Under §3034 of the code, which provides that when, upon the application of any person for exemption of personalty, the schedule filed by such person so applying shall disclose the fact that said person has, and is the owner of, personal property in excess of that to which he is entitled, such excess shall be turned over by the ordinary into the hands of a receiver, and said receiver shall dispose of said excess for the benefit of the creditors of said applicant. This is the duty of the court, and requires no application by either party. We think, therefore, that the court erred in not appointing a receiver. This being an appeal case from the ordinary to the superior court, the superior court should have appointed the receiver.

We therefore think that the court below erred in the several rulings complained of, and the judgment of the court below is                                    *Reversed.*