PASCHAL, trustee, *v.* TURNER *et al*

The original schedule and plat accompanying a petition to set aside land as a homestead, and for an exemption of personalty, which have been approved by the ordinary, after they have been recorded by the clerk of the superior court as directed by law, are the muniments of title by which the applicant for and the beneficiaries under the homestead hold the property exempted, and as such are private papers, and when lost or destroyed can be established by the superior court.

Argued November 22, — Decided December 11, 1902.

Petition to establish copy.   Before Judge Hart.   Putnam superior court.   March 20, 1902.

*W. T. Davidson,* for plaintiff.   *Turner & Preston,* for defendants.

LITTLE, J.   Paschal as trustee for his wife and minor children filed an application in the superior court of Putnam county, to establish a copy of a schedule and plat, being parts of a homestead proceeding instituted by Paschal before the ordinary of that county in 1875, for the purpose of having set aside a homestead and exemption of personalty for the benefit of his family, which original schedule and plat it was averred had been lost.   To the petition were attached copies of the alleged lost papers.   The bill of exceptions recites that, on the call of the case in the superior court, several persons moved the court to be made parties defendant, which motion the court sustained, and the petitioner excepted, and assigned error on the granting of said motion; but this point seems to have been abandoned by counsel for the plaintiff in error in his brief, as no reference is made to the same, and therefore it will not be considered.   Thereafter one of the defendants moved to dismiss the petition on the ground that the court had no jurisdiction to establish the alleged lost papers, and that the papers sought to be established were records of another court of general and exclusive jurisdiction.   This motion was sustained by the court, and the petition was dismissed.   So the only question which arises for our consideration is whether copies of a schedule and plat pertaining to a homestead proceeding, which have been lost or destroyed, may be legally established in lieu of the lost originals, in the superior court.   The Civil Code, § 4743, provides: " Upon the loss of any original petition, answer, declaration, plea, bill of indictment, special presentment, or other office paper, a copy may be established

*instanter* on motion." Section 4745 of the same code provides that "the owner of a paper (other than an office paper, and which can not be sued on and collected in a justice's court) lost or destroyed, desiring to establish the same, shall present to the clerk of the superior court of the county where the maker of the paper resides, . . a petition in writing," etc. And by section 4747 it is provided that, after proper service and notice, the court shall grant a rule absolute establishing a copy of the lost or destroyed paper, unless good and sufficient cause be shown why such rule absolute should not be granted. It is contended, in seeking to uphold the judgment rendered, that the court of ordinary as a homestead court is a court of original and exclusive jurisdiction, and that the superior court, whether exercising the powers of a court of equity or those at common law, has no power to establish the records of another court; from which it is argued that as, under the law, the ordinary only has power to set aside homesteads and exemptions of personalty, all applications for the establishment of lost papers connected with a homestead or exemption which has been set aside should be made to the ordinary. We recognize the general rule to be that lost papers pertaining to a legal proceeding can only be established in the court which had jurisdiction of and entertained that proceeding; but this is not true in relation to a plat and schedule of a homestead which has been passed on and approved by the ordinary. In the Civil Code, § 2835, which provides for the approval of the schedule and plat by the ordinary, it is declared that after such approval the ordinary shall hand such schedule and plat to the clerk of the superior court of his county, who shall record the same in a book to be kept for that purpose in his office. In the case of *Brown* v. *Driggers*, 60 *Ga.* 114, this court ruled that it was contemplated by the law that the original schedule and plat marked "approved" by the ordinary should be left with the occupants of the homestead as their title, or the evidence thereof, to their home and the articles exempted therein. The section of the code to which we have last referred provides that the record of the certified transcript of such schedule and plat shall be competent evidence in all the courts of this State; and in the case referred to it was ruled that such certified copies were not admissible until the original which should be in the possession of the party claiming the homestead is accounted for. In the same case, when

it was in this court for a second time (62 *Ga.* 354), it was ruled, where proper proof was made of the loss of the original homestead papers, that then a certified copy from the clerk's office was properly admitted. To the same effect see also *Larey* v. *Baker*, 85 *Ga.* 687; *Pritchett* v. *Davis*, 101 *Ga.* 236. Our conclusion from the rulings in these cases is, that after the schedule and plat have been recorded as required, they, as muniments of title, become the property of the applicant and beneficiaries of the homestead, and in no sense are to be considered as office papers either of the superior court or the court of ordinary. Being muniments of title, the applicant and beneficiaries have the same interest in such papers as they would in a deed under which they claim title. This being true, copies of these, when the originals have been lost, can be established in the superior court under the provisions of law to which we have referred; and the judgment of the court below, ruling otherwise, must be

*Reversed. All the Justices concurring, except Lumpkin, P. J., absent.*