## PASCHAL, trustee, *v.* HUTCHINSON *et al.*

No jurisdiction is conferred upon the superior court by the Civil Code, § 4745 et seq., to establish copies of a lost schedule and plat of a homestead proceeding which has never been recorded in the office of the clerk of the superior court as required by law.　These sections relate solely to the establishment of lost private papers, and the homestead and plat do not become private papers until they have been recorded as required by law.

Argued November 26, — Decided December 12, 1903.

Petition to establish copy.　Before Judge Evans.　Putnam superior court.　March 19, 1903.

*W. T. Davidson*, for plaintiff.　*Turner & Adams*, for defendants.

COBB, J.　When this case was here before (116 *Ga.* 736), it was held that after the schedule and plat of a homestead have been recorded in the office of the clerk of the superior court as required by law, they as muniments of title become the property of the applicant and beneficiaries of the homestead, and are in no sense to be considered as office papers either of the superior court or the court of ordinary ; that the applicant and beneficiaries have

the same interest in these papers as they would in a deed under which they claim title; and that the superior court has jurisdiction to establish copies of such papers after they have been recorded. When the case came on to be heard a second time, the petition was so amended as to allege that the schedule and plat of the homestead had never been recorded in the office of the clerk of the superior court. To the petition as amended the defendants demurred upon the ground that, as the papers had never been recorded as required by law, the superior court had no jurisdiction to establish copies of the lost papers. This demurrer was sustained, and the plaintiff excepted.

When all the papers which are required by law to make a complete homestead or exemption under the provisions of the constitution have been filed with the ordinary, and every act necessary to the setting apart of the homestead has been done, the law requires the ordinary to hand " the same " to the clerk of the superior 'court, who is required to record " the same " in a book to be kept for that purpose in his office. Civil Code, § 2835. It is argued that this law does not require the record of the application, but only of the schedule and plat. Even if the word " schedule " was not intended by the General Assembly to embrace all of the proceedings in connection with the homestead except the plat, we think the words " the same," wherever they occur in the section, refer to the entire proceedings, including the application. It certainly was not the intention of the General Assembly that simply a fragment of the homestead proceedings should be recorded. It is now the settled law of this State that after the homestead proceedings have been recorded in the office of the clerk of the superior court, they become the private papers of those interested in the homestead estate. *Paschal* v. *Turner*, 116 *Ga.* 736, and cit. In *Dunagan* v. *Stadler*, 101 *Ga.* 477, it was held that the ordinary, in entertaining applications for homesteads allowed by the constitution and passing upon questions raised, and in finally acting upon the applications, acts in a judicial capacity and constitutes a court. It would seem, therefore, that, as long as there is any duty to be performed by the ordinary in connection with such an application, the papers connected therewith are office papers of a court; and the question to be determined is, at what stage in the proceeding required by law to set apart a homestead do these

papers cease to be office papers of the court and become the private property of those interested in the homestead ?

As the law requires the ordinary, after his approval of the homestead papers, to hand the same to the clerk of the superior court, and under the terms of the statute the clerk is required to record the same, it would seem to follow that these papers do not lose their character as office papers until every duty required by law of a public officer in connection therewith has been performed. Neither the applicant nor the beneficiaries would have a right to demand these papers until both the ordinary and the clerk have performed all their duties in connection therewith.　The law requires the ordinary sitting as a court to pass judicially upon the question as to whether a homestead should be allowed, and requires the clerk to record this judgment of the ordinary, in order that the public may be notified of the change that has been brought about in the title to the property involved.　The public is interested in the due regularity of the proceedings before the ordinary, as well as the due record of the entire proceeding in a book regularly kept for that purpose in the office of the clerk of the superior court. As long as the public has any interest in the matter, the papers can not become mere private papers.　Our conclusion therefore is that the homestead papers do not become muniments of title of those interested in the homestead until they have been duly recorded in the office of the clerk of the superior court.　As those interested in the homestead would have no right to demand, at this stage of the case, the possession of the papers, to be held as muniments of title, the superior court would be without jurisdiction to establish them as such at any stage of the proceeding prior to the final record in the clerk's office.　While this point was not directly ruled when the case was here before, the conclusion now reached was to be inferred from the ruling then made.　So long as the papers continue office papers of the homestead court presided over by the ordinary, that court, in the exercise of its inherent power, may establish copies of the same whenever lost.　See 19 Am. & Eng. Enc. L. (2d ed.) 559.　If after the ordinary has indorsed his approval upon the schedule and plat and handed the same to the clerk the papers can no longer be considered office papers of the homestead court presided over by the ordinary, it may be that the superior court, in the exercise of its chancery

powers, upon a regular petition and process, would have authority to establish the papers.    See, in this connection, Bisp. Prin. Eq. § 177; Griffin v. Fries, 23 Fla. 173; 19 Am. & Eng. Enc. L. {2d ed.) 555; 13 Enc. P. & P. 351.    But upon this question we now express no opinion.    The present application was not an appeal to the chancery powers of the superior court, but was under the provisions of the statute of 1856, embodied in the Civil Code, § 4745.    The case made by the petition not being for the establishment of private papers, the application was not within the terms of that section, which relates solely to the establishment of lost private papers.

*Judgment affirmed.    All the Justices concur.*