### BLACKSTONE *v.* KRITZER.

1. The petition for homestead must "state out of what property the exemption is claimed."
2. Whether the applicant owes more or less in value than $1,600, and whether all or only a part of his estate is to be exempt, the schedule must contain a list of all the property owned by him.
3. The approval of the schedule does not operate to set aside, as exempt, property described therein, but omitted from that part of the petition stating out of what property the exemption is claimed.

Submitted April 4,—Decided May 13, 1904.

Levy and claim. Before Judge Eve. City court of Richmond county. May 22, 1903.

On November 8, 1893, J. D. Blackstone filed a petition with the ordinary of Richmond county, reciting that he was the head

of a family consisting of his wife and four children. "Petitioner prays that the following described property belonging to him, to wit, one bay horse-mule named Rock, value $125, [and cows, hogs, harness, wagons, tools, furniture described] be set aside, under the homestead laws of said State, for the use and benefit of your petitioner and his said family, and that the same be made exempt from levy and sale by the creditors of petitioner, who attaches hereto a correct schedule of all property owned by him," etc. This petition was signed, and under the signature appears the following: "Complete schedule of property owned by J. D. Blackstone. One bay horse-mule Rock, $125; one sorrel mare-mule Beck, $125," with a list of the other property described in the petition. There also appeared the order of publication, several orders of continuance, and, later, affidavits to show service upon the creditors; and, apparently upon a separate paper, the following: "Georgia, Richmond county. In the matter of the application of J. D. Blackstone for exemption of personalty and setting apart and valuation of homestead under the constitution. It appearing to the court that notice has been given," etc., it is ordered that said homestead be granted, and that the petition and schedule be approved and handed to the clerk of the superior court to be by him recorded. Jan. 26, 1894." Signed by the ordinary. A mortgage fi. fa. dated December 4, 1902, was levied on the mule Beck, and Blackstone as head of a family filed a claim. The case was submitted to the judge of the city court without a jury, who found the property subject and ordered the levy to proceed; whereupon the claimant as head of the homestead estate made a motion for a new trial, and excepts to the court's refusal to grant the same.

*F. W. Capers*, for plaintiff in error. *W. H. Barrett*, contra.

LAMAR, J. The petition for homestead must "state out of what property the exemption is claimed." Attached to the petition must be a schedule containing a minute description of all the property belonging to the applicant. But it does not always follow that everything mentioned therein is to be set aside. The applicant's assets may exceed in value $1,600. In such a case, of course, all can not be exempt; yet the schedule must contain a list of everything he owns, even though a part may remain subject to levy and sale. If the applicant owns less than $1,600 the

rule is not changed.    He may desire to retain a part for immediate sale, and may prefer not to include some of his property in the homestead exemption.    He is not required to have all set apart as a homestead.    Still the statute requires in such case also the same form of schedule.    Whether the property is worth more or less than $1,600, and whether all or only a part thereof is to be set aside as a homestead, the schedule must be full and complete. It not only defines what is exempt, but may also be useful to creditors and levying officers in describing what is not exempt. Civil Code, § 2828, par. 1, 2.    It may be that the approved schedule is prime facie evidence that the property therein described is exempt if less than $1,600; but as to any included therein which was not named in the petition as part of the intended homestead, the presumption would yield.    In such cases the petition and schedule must be construed together.    Compare *Larey* v. *Baker*, 85 *Ga.* 687; *Paschal* v. *Turner*, 116 *Ga.* 736; *McDonald* v. *Williams*, 94 *Ga.* 515.

Blackstone owned two mules.    He named both animals in the schedule, but the petition only prayed that one should be set apart as exempt.    That the mule levied on was omitted from the petition, but described in the schedule, and that the petition and schedule were both approved, did not have the effect of exempting what the petitioner had not asked should be exempt.    The judge properly disallowed the claim, and ordered the execution to proceed against the mule which was not referred to in the petition.

*Judgment affirmed.    All the Justices concur.*