## GABLE *et al. v.* GABLE, by next friend.

1. The grant or refusal of a continuance is a matter addressed to the sound discretion of the presiding judge; and his decision will not be reversed, unless such discretion has been abused.
2. Under the facts of this case, there was no error in refusing a continuance.
3. Where both parties claimed title to land under the same person, and one of them sought to have the deeds, under which the others claimed title cancelled on account of alleged mental incapacity on the part of the person under whom both claimed, it was not competent for the defendants to attack the title of such person or to show that the deed conveying title to him had not been properly attested for record, by offering proof that the official witness did not reside in the county where the deed purported to have been executed.
4. The evidence was conflicting, but there was sufficient to support the verdict, and, the presiding judge having refused to grant a new trial, this court will not interfere.

Submitted February 6,—Decided May 16, 1908.

Equitable petition. Before Judge Reagan. Fayette superior court. April 29, 1907.

David Gable, by his next friend, J. C. Harper, filed his equitable petition against J. L. Gable, G. W. Biles, and Al Hardy, for the purpose of cancelling a deed made by the father of the plaintiff,

J. E. Gable, to J. L. Gable, and one made by J. L. Gable to Biles and Hardy, and to recover the land described in them, and mesne profits. It was alleged, that J. E. Gable was insane and unable to contract at the time when he made the deed to J. L. Gable, and so remained until his death in 1903; that J. L. Gable had conveyed the land to the other two defendants, who were not innocent purchasers, but took with notice of the facts; that the plaintiff was the son and only heir of J. E. Gable, and that he was of unsound mind, and was about twenty-two years of age. The defendants denied that J. E. Gable was mentally incapacitated to transact business, or that there was any fraud, or that Biles and Hardy were purchasers with notice of any fraud or insanity. The answer stated that "Defendants admit J. E. Gable owned at least a part of said land referred to in 1898, but deny plaintiff has title to any part of same."

When the case was called for trial, the defendants made a motion for a continuance, which was overruled. A verdict was rendered in favor of the plaintiff. The defendants moved for a new trial, which was denied, and they excepted.

*J. W. Wise,* for plaintiffs in error.

*W. B. Hollingsworth* and *J. W. Culpepper,* contra.

LUMPKIN, J. (After stating the facts.)

1, 2. The grant or refusal of a continuance is a matter as to which the presiding judge must exercise a sound discretion; and his decision will not be reversed, unless such discretion has been abused. It was not so in this case. The motion to continue was based on the ground that J. L. Gable, one of the defendants, and who was also desired as a witness for the other two defendants, and had been subpœnaed by them, was sick and unable to attend the trial. The evidence offered in support of the motion was an unsworn certificate of a doctor that Gable was sick and unable to attend the trial, and the testimony of one of the defendants, Biles, that on the morning of the day before the trial, J. L. Gable was sick in bed, that it was expected to prove by him that J. E. Gable was of sound mind when he made the deed involved in the controversy, that he received value for the land, and that when it was conveyed by J. L. Gable to Hardy and Biles they paid full value therefor, and there was no collusion on the subject. It was stated, that J. L. Gable was not absent by leave or consent of the other

two defendants, that they expected to have him present at the next term of the court, that the motion was not made for delay only, but for the purpose of procuring his testimony, and that they had no other witness at court by whom they could prove these facts, and no other witness as intimately and well acquainted with J. E. Gable as J. L. Gable was. Counsel for the defendants stated that he could not go safely to trial without the presence of the absent defendant. It appeared, however, that the case was continued at the preceding term of the court on account of the absence of the same defendant and witness; that he was a practicing physician; and that no effort had been made to procure his testimony by interrogatories. The presiding judge had before him the case, the parties, the situation, and the surrounding and attendant circumstances. He declined to grant a second continuance for the absence of the same witness, who was also a party, and whose evidence could have been taken by interrogatories, but was not so taken. In this we can not say that he erred. The suit was commenced on August 29, 1905. Some nineteen months had elapsed, and at least a part of the delay had been caused by the same party and witness. Civil Code, §§ 5126, 5138, 5135, 5297 and subsection 2; *Burge* v. *Hamilton,* 72 *Ga.* 570 (10 a); *Camp* v. *Britt,* 121 *Ga.* 466 (49 S. E. 286).

3. This was not an ejectment case, where the plaintiff seeks to show his title, and the defendant may respond by showing better title in himself or a paramount outstanding title in a third person. Under the pleadings and evidence, there was no controversy that both parties claimed under J. E. Gable,—the defendants by virtue of a conveyance from him to J. L. Gable, and from the latter to Hardy and Biles; the plaintiff claimed as heir at law of J. E. Gable, and attacked the conveyances mentioned, on the ground that J. E. Gable was insane when he made the one to J. L. Gable, and that Hardy and Biles took with notice of that fact. Thus J. E. Gable was the common source of the title of the plaintiff and the defendants. The latter could not defend by seeking to attack his title, nor by showing that the deed made from a former owner to him was not properly attested for record. In the course of the trial the plaintiff introduced the deed conveying the land to J. E. Gable. This may have been unnecessary, but it was admitted without objection. When evidence for the defendants was being in-

troduced, testimony was offered to show that the deed, which purported on its face to have been executed in "Georgia, Fayette County," in the presence of two witnesses, one of whom signed as a notary public and ex-officio justice of the peace, could not have been thus properly attested for record, because the two witnesses were not residents of Fayette county, but of another county. Under the issues made, this was immaterial, and was properly excluded. Civil Code, §5004; *Fletcher v. Horne, 75 Ga.* 134.

4. On the subject of the mental condition of J. E. Gable and his capacity to make a deed, the evidence was conflicting, as well as on the subject of notice to Hardy and Biles. Some of the evidence offered for the purpose of proving insanity may not have been altogether conclusive. Thus it was shown that Gable was at times disinclined to talk, and at other times was disinclined to work unless watched. Neither absence of loquacity nor indisposition to work is conclusive proof of insanity. There was also evidence that he would stand around with his fingers in his mouth, and when asked why he did so, would say that his wife had said she was going to leave him, and he was considering where he was going to get another wife. From our observation, both in respect to divorce cases which come before the courts and of general current history, we can not declare as a matter of law that the contemplation of a second matrimonial alliance before the first has been terminated, either by the act of Providence or the divorce court, is confined exclusively to those who are deemed insane. But in addition to these facts there was other evidence, including the opinion of witnesses as to the mental condition of Gable; and, upon the whole, it can not be said that the jury erred in their finding, or that the presiding judge erred in approving it.

*Judgment affirmed. All the Justices concur.*