SEAGRAVES *et al.* *v.* POWELL COMPANY.

1. The court did not err in overruling the motion for a continuance.
2. The court correctly instructed the jury as to all the material issues involved in the case, and the exceptions to the charge are without merit. The evidence amply supported, if it did not demand, a verdict for the plaintiff.

SEPTEMBER 26, 1911.

Complaint. Before Judge Reagan. Pike superior court. June 20, 1910.

*E. C. Armistead,* for plaintiffs in error.

*Cleveland & Goodrich,* contra.

BECK, J. W. E. Powell Company brought suit upon a promissory note against S. E. Seagraves and Mrs. J. P. Seagraves. It was recited in the note that the same was given for the purchase-money of a certain described horse.. The defendants filed their joint plea, setting up that the horse was never delivered to the defendants or either of them, although the note was executed by them upon the express understanding that the horse would be delivered to S. E. Seagraves the next day; hence the consideration for the note has totally failed; Mrs. J. P. Seagraves did not exe-

cute the note as principal but as security only, and this fact was well known to the plaintiff before and at the time it took the note: that her contract of suretyship was that the note was given for the horse, that the note was a mortgage on the horse, and that she should only be liable for any balance that might be due on the note after the horse had been subjected to the payment of the note: that S. E. Seagraves (who was her son) in procuring her signature to the note was acting as the agent of the plaintiff, and this was well known to the plaintiff; and the plaintiff, in thus directing S. E. Seagraves to procure her signature, and in placing the horse beyond the jurisdiction of the courts, intended to cheat, swindle, and defraud her. It was pleaded by S. E. Seagraves, that, after he had executed the note, he procured the signature of Mrs. Seagraves thereon and delivered the note to the plaintiff upon the promise that the horse would be delivered to him the next day; that he called the next day for the horse, and the plaintiff handed him a note which the defendants had formerly executed in favor of one Hollingsworth, stating to defendant at the time that the horse had been delivered to Hollingsworth and would not be delivered to Seagraves. Seagraves denied that the Hollingsworth note so returned to him was accepted by him in lieu of the horse, and made tender of the same to plaintiff. Defendant further pleaded that the Hollingsworth note was a nullity, being without consideration; and set forth the circumstances under which the same was given. Upon the trial the jury returned a verdict in favor of the plaintiff for the principal of the note sued on, with interest and ten per cent. attorneys' fees. The defendants made a motion for a new trial. This the court overruled, and they excepted.

1. Complaint that the court erred in overruling the motion for a continuance in this case is based upon two grounds: First, it is alleged that a continuance should have been granted upon the ground of the sickness of Mrs. Seagraves, one of the parties. To support the motion for a continuance it was shown, that "Mrs. Seagraves was sick and unable to attend court at that time; that her attorney could not safely go to trial in her absence; that he could prove by her that she was only a security on the note sued on, that she signed the note as security for S. E. Seagraves on his statement that he had bought a horse from W. E. Powell Company, who had taken a mortgage on it and wanted her to sign the

note as additional security; that she knew nothing of any arrangements between Powell and S. E. Seagraves and Hollingsworth about the horse and washing-machine note, never was present, nor was anything ever said to her about it." It appears from the evidence in reference to Mrs. Seagraves that the condition of her health for two weeks or more prior to the trial was such as to suggest that her appearance at the court would probably be prevented by her physical condition. During the two weeks immediately preceding the trial she was not entirely well, but she could be out of bed and could go where she wished to go most of the time; it was not intimated that she was not sufficiently strong to answer interrogatories duly propounded to her. In view of the fact that the case had, at a previous term of the court, been continued on account of her absence and sickness, the court did not err in refusing to grant another continuance on account of the indisposition of this party, especially in view of the fact that it did not appear that she suffered from an attack of sickness so sudden as to prevent herself and her counsel from anticipating that she might not be able to be present when the trial of her cause came on.

The other ground of the motion was based upon the absence of two witnesses. Their absence was not hurtful to the plaintiff in error; the facts which the plaintiff in error, according to the showing made on the motion for a continuance, expected to establish by the absent witnesses, were immaterial and irrelevant to the real issues in the case. The defendant's contention on the trial was, the note sued on was given for the purchase of a horse, and that the plaintiffs, instead of delivering the horse, delivered to him a note which the defendant Seagraves had formerly executed and delivered to a third party. He pleaded that when this note was handed to him he did not know what the paper so handed to him contained, and that immediately upon reading it, and discovering that it was his promissory note formerly executed to the third party just referred to, he tendered it back. But upon the trial of the case he testified that while the note sued on was for the purchase-money of a horse, he accepted and retained the note so handed to him in lieu of the horse, and directed that the horse which he had purchased be turned over to the third party, the payee in the note which was handed to him and which he accepted. The court on the trial of the case distinctly and clearly submitted to the jury the

question as to whether or not there had been a constructive delivery to Seagraves of the horse which constituted the consideration of the note sued on, and there was sufficient evidence to authorize the finding of the jury that there was a constructive delivery of the animal to Seagraves and that it was by his direction and with his consent that the horse was actually delivered to Hollingsworth instead of to himself, and that instead of taking actual possession of the horse himself he received and accepted his note which he had formerly executed to Hollingsworth. The witnesses of whose absence he complained, and by whose testimony he insists he could have shown that the note to Hollingsworth was without consideration and void on the ground of fraud, had they been present in court, could not have availed him in the face of his admissions that he had accepted the Hollingsworth note knowing for what purpose it was turned over to him and that he retained possession of the same. Nor could their testimony have availed Mrs. Seagraves, the absent party, who pleaded that she was merely surety on the note which was for the purchase-money of a horse; inasmuch as she was absolutely bound upon the note and the consideration of the same was actually or constructively delivered to the defendant S. E. Seagraves.

2. The court in his charge clearly, fairly, and explicitly instructed the jury as to the material issues of the case, and the exceptions to the charge are without merit.

*Judgment affirmed. All the Justices concur.*