*Walter R. Brown,* contra.

---

## 6411.  PORTER *v.* PORTER.

1. This court will not control the discretion of the trial judge in granting or refusing a continuance of a case, unless it be made to appear that he has abused the discretion vested in him by the law. In this case no abuse of discretion is shown.
2. The court did not err in overruling the motion to continue.

DECIDED JANUARY 10, 1916.

Complaint; from city court of Americus—Judge Harper. February 4, 1915.

*Shipp & Sheppard,* for plaintiff in error.

*W. T. Lane, L. J. Blalock, Wallis & Fort,* contra.

BROYLES, J. The motion to continue was based upon the sickness of Porter, the defendant in the suit. In support of the motion the following affidavit was introduced: "State of Alabama, Houston county. Personally came W. H. Williams, who on oath says that he is a practicing physician in Dothan, Ala., and that Mr. G. T. Porter is now under his care, this deponent treating him for 'rheumatism.' Deponent further swears that it will be injurious to the health of Mr. Porter to be on his feet, and it is impossible for him to go to Americus, Ga., and attend the trial of any case, without very serious risk to his health. [Signed] W. H. Williams, M. D. Sworn to and subscribed before me this 21st day of March, 1914. [Signed] Ralph Ghuet, N. P.". (Seal of notary.) The defendant's attorney then stated in his place that G. T. Porter was the defendant and his client, and that he could not safely go to trial without his presence. To this showing for a continuance the plaintiff made the following counter-showing: Mrs. Porter, the plaintiff, swore that at the time she talked with the defendant, G. T. Porter, about the payment of the note sued on, which was prior to the filing of the suit, he told her that if she filed the suit he would be sick and continue the case, and that it would never be tried; and that at a previous term of the same court the case had been con-

tinued on account of the defendant's sickness. Mrs. Porter also testified that she and the defendant (her husband) were living apart, and that the defendant, upon the date of the hearing of the motion for a continuance, was living in the State of Alabama. The court overruled the motion for a continuance, and the defendant excepted.

In view of the counter-showing, and particularly of the fact that the case had, at a previous term of the court, been continued on account of the defendant's absence through sickness, the trial judge did not err in refusing to grant another continuance on account of the illness of the party. *Seagraves* v. *Powell Co.*, 136 *Ga.* 877 (72 S. E. 349). See also *Gable* v. *Gable*, 130 *Ga.* 689 (1), 691 (61 S. E. 595). *Judgment affirmed.*