### 11396.    SMITH *v.* EXCHANGE BANK OF ROME *et al.*

SMITH, J.   1. The trial judge did not abuse his discretion in overruling
the motion for a continuance; it appearing, on the showing for con-
tinuance and the counter-showing, that the case had been continued one
or more times for the same reason, and it also appearing that by an
order of the court the case had been put on terms.

2. " A petition for homestead may be amended by adding to the schedule
something which has been omitted, but not by striking therefrom any
article of property therein set forth. If the applicant has by mistake
inserted property belonging not to him but to another, he should dis-
miss his application and file another one, omitting such articles of prop-
erty not belonging to him as were in the previous schedule." *McWilliams*
v. *Bones,* 84 *Ga.* 199 (1) (10 S. E. 723).

3. Under the above ruling the court below should have dismissed the case,
and not the appeal. The judgment of the court below is therefore
affirmed, with direction that the case be dismissed on the ground that
the petition for homestead had been amended by striking therefrom the
real estate set out in the amendment.

*Judgment affirmed, with direction. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 5, 1920.

Appeal; from Floyd superior court — Judge Wright.   January
28, 1920.

1.   Mrs. Nora Z. Smith applied to the ordinary for a homestead
under sections 3377 et seq. of the Civil Code of 1910, and objec-
tions were filed by certain creditors.   There was an appeal to the
superior court by the applicant and on the call of the case her
counsel moved to continue the case on account of her sickness.   Her
husband testified that she was sick and unable to attend court, and
had been sick about three days, and that it would be dangerous for
her to come to court that day; that the case had previously been
continued, and he was in court at the January term, 1918, when
the judge announced that the case would not be continued again
on account of the illness of Mrs. Smith.   In an order granting a
continuance at that term it was stated that the case " is continued
on the understanding that if the applicant is unable to attend the

court at the next succeeding session, then the said applicant's interrogatories shall be taken before next succeeding term, so that the objectors to the application may be assured of a hearing at the next succeeding term." It was testified that the case had been continued at least twice on account of sickness of the applicant. Counsel for the applicant stated in his place that he could not safely go to trial without her presence, that he needed her advice in striking a jury, in examining witnesses, and in the general conduct of the case, as well as her testimony in her own behalf. The court overruled the motion for continuance, and directed that the appeal be dismissed for want of prosecution. The case came to the Court of Appeals on exceptions to these rulings.

2. The schedule of property which the applicant in her petition asked to have set apart as a homestead included several city lots. One of the objections filed by creditors was that the title to one of these lots was not in the applicant, but in an objecting creditor. The applicant amended the application by withdrawing it as to that lot. One of the objecting creditors then filed a motion that the application be dismissed, because the applicant had amended it by striking from it a considerable part of the property.

*Max Meyerhardt,* for plaintiff in error.

*T. W. Lipscomb,* contra.