*R. O. Lovett, J. E. Garst,* contra.

---

### 12169.　COVINGTON, adm'r, *et al.* v. CASE THRESHING MACHINE COMPANY.

HILL, J. 1. To entitle a party to a continuance under § 5717 of the Code of 1910, which provides: " If either party shall be providentially prevented from attending at the trial of any cause, and the counsel of such absent party will state in his place that he cannot go safely to trial without the presence of such absent party, such cause shall be continued, provided his continuances are not exhausted," evidence of some character, under oath, must be presented that the absent party was in fact " providentially prevented from attending at the trial." A statement by counsel of the absent party in this case, that " he had received a letter from his client advising him that he was ill and could not attend court," was not a sufficient showing in support of that ground of the motion; and there was no error in overruling the motion for a continuance. *Cavender* v. *Atkins*, 2 *Ga. App.* 173 (58 S. E. 332); *O'Barr* v. *Alexander*, 37 *Ga.* 195.

2. On the trial of an issue made by an affidavit of illegality arising on the foreclosure of a chattel mortgage, where the plaintiff in execution claimed damages on the ground that the affidavit of illegality was made for delay only, the court in effect instructed the jury that if they found that the plaintiff was entitled to damages, the amount should be 25

per cent. of the principal sum claimed. *Held*, that the instruction was not error against the defendant, since section 3301 of the Civil Code (1910) fixes the measure of damages on affidavits of illegality arising on foreclosures of chattel mortgages, when it appears that the affidavit was made for delay only, " at *not less* than *twenty-five* per cent. damages to the plaintiff on the principal sum."

        *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

                DECIDED MAY 2, 1921.

Foreclosure of mortgage; from city court of Bainbridge — Judge Spooner. January 10, 1921.

*W. V. Custer,* for plaintiffs in error. *John R. Wilson,* contra.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*