### 13000.  SMITH *et al. v.* WILLIAMSON.

STEPHENS, J.  1.  Even assuming that after a continuance of the case had already been once granted to the losing party the trial judge had any discretion to grant a second continuance to him upon the ground of his absence from the court on account of illness, the court did not, under the showing here made, abuse such discretion in failing to grant a continuance, since it does not appear that had the absent party been present, the case would have resulted differently, and since the ground of continuance was sought to be established only by an affidavit of a physician attending the absent party, and no opportunity was afforded the respondent to cross-examine the affiant.  See, in this connection: Civil Code (1910), §§ 5710, 5717; *Cavender* v. *Atkins,* 2 *Ga. App.* 173 (58 S. E. 332); *Covington* v. *Case Threshing Machine Co.,* 26 *Ga. App.* 781 (107 S. E. 370); *Thompson* v. *Hays,* 123 *Ga.* 110 (51 S. E. 33).

2. The exceptions to the charge of the court, contained in the several grounds of the motion for a new trial, when taken in the light of the qualifying note of the trial judge, are without merit.

3. No error of law appears to have been committed; and as the verdict rendered for the plaintiff was authorized by the evidence, the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 26, 1922.

Action for damages; from Seminole superior court — Judge Worrill.  September 10, 1921.

*Little, Powell, Smith & Goldstein, M. E. O'Neal, A. S. Bussey,* for plaintiff in error.  *T. S. Hawes, John R. Wilson,* contra.