### In re SKELTON.

(District Court, N. D. Georgia. June 11, 1924.)

No. 1758.

Bankruptcy ⬅32—Bankrupt may be permitted to amend schedules to change property selected for exemption.

Under General Order No. 11 (89 Fed. vii), the court may in its discretion permit a bankrupt to amend his schedules to change the property selected for exemption under the state law, and where application for such permission is seasonably made, and the change would seem to be beneficial to bankrupt, and not to the prejudice of creditors or the administration, it should be granted.

In Bankruptcy. In the matter of James E. Skelton, bankrupt. On review of order of referee. Reversed, and recommitted to referee.

Erwin, Erwin & Nix, of Athens, Ga., for objecting creditors.

James W. Arnold and S. C. Upson, both of Athens, Ga., for bankrupt.

SIBLEY, District Judge. By Bankruptcy Act, 7a (8) being Comp. St. § 9591, the bankrupt is required to include in his schedule "a claim for such exemptions as he may be entitled to." By section 6 (Comp. St. § 9590):

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition."

By the laws of Georgia, to secure a $1,600 exemption a petition must be filed specifying the property claimed as exempt. Blackstone v. Kritzer, 120 Ga. 78, 47 S. E. 585. Creditors may contest certain matters, including the value of the property selected, but apparently may not question the selection of property within the limits of the value allowed. Code Ga. § 3386. This right of selection is of the substance of the exemption, and cannot be denied in the bankruptcy court without affecting the exemption, contrary to section 6 of the act.

In the case at bar the bankrupt, in his schedule, claimed the $1,600 exemption, without specifying the property selected. A few days later he was permitted to amend his schedule by specifying it. About 10 days afterwards, and before the trustee set the exemption aside, he sought by other amendments to change his specification, so as to include an equity of redemption in certain realty, apparently incumbered for its full value, and to eliminate certain personal property. An affidavit to the amendment stated in substance that the error sought to be corrected was caused by inadvertence, oversight, and mistake on his and his counsel's part, and that no creditor or the trustee had been prejudiced thereby. Creditors objecting, a hearing was held, in which the bankrupt testified in substance that he had changed his mind as to what property it would be to his interest to claim. The referee refused to permit the amendment, and the trustee set apart the allowed value out of the property first selected.

Under the Georgia law imperfections in the claim to exemption may be remedied by amendment, and additional property may be claimed; but property once included in the claim can be dropped only by abandoning the proceeding and starting over. McWilliams v. Bones, Trustee, 84 Ga. 199, 10 S. E. 723. The reason for this ruling is not clear, but it is unimportant here, for the procedure to be followed is that of the Bankruptcy Act. A new proceeding cannot here be resorted to, and what is done must be by amendment, under General Order 11. The original selection of the exempted property is held to be of right, but a shift of it to other property by amendment is a matter of discretion. Where no claim at all is made for exemption in the schedules, one may be made or enlarged by amendment, when seasonably offered; that is, before the rights of others have intervened by administration. Collier on Bankruptcy (13th Ed.) p. 329, and cases cited. It is going no further to permit a change in the property selected, if made before the exemption is set apart, or the property sought to be substituted has been administered.

The court should exercise discretion looking to the reasons for and benefits expected from the change by the bankrupt, and to the prejudice, if any, to creditors or the administration. The absence of an error or mistake of fact or law in the original selection is not necessarily fatal. If the bankrupt can better be helped to make a new start in life by the change, without unduly complicating the administration of his estate, or affecting the intervening rights of others, it should be permitted. Otherwise, it may be denied.

It cannot be told from this record whether the referee was of opinion, as contended by the creditors, that he was without power to permit the change in selection upon a mere change of mind of the bankrupt, or whether he decided, on weighing all the circumstances in the exercise of his discretion, that he would refuse it. I send the matter back to him, with direction to hear further the benefits expected by the bankrupt from the change, and the detriments, if any, that would have resulted to the estate at the time the amendment was offered, and to exercise his discretion in permitting or refusing it.