17519. CAMP, administratrix, *et al. v.* LANIER.

JENKINS, P. J. 1. "This court will not control the discretion of the trial judge in granting or refusing a continuance of a case, unless it be made to appear that he has abused the discretion vested in him by law." *Porter* v. *Porter*, 17 *Ga. App.* 456 (87 S. E. 707). Where a motion to continue was based upon the certificate of a physician as to the condition of a party, and the certificate was vague and indefinite, in that it stated nothing as to her physical condition or when the physician had last examined her, but stated merely that he was "attending" her and that she would not be in condition to leave the house for "several days," and where the case was continued for a day, in order that she might have opportunity to perfect the showing for continuance, and she failed to do so, and where it appears from the order of the court that at two previous terms the case had been continued on account of her absence, it can not be said that the refusal to grant an additional continuance amounted to an abuse of the discretion vested in the court by law. Civil Code (1910), §§ 5710, 5717.

2. The court did not err in overruling the motion for a new trial, the only ground insisted upon being the refusal of the judge to grant the continuance. *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED OCTOBER 13, 1926.

Complaint; from Barrow superior court—Judge Stark. December 2, 1925.

*G. A. Johns,* for plaintiffs in error. *Rollin H. Kimball,* contra.

Appeal and Error, 4 C. J. p. 809, n. 32, 34.
Continuances, 13 C. J. p. 123, n. 14; p. 141, n. 53.