18091.    BURCH *v.* ATLANTIC LIFE INSURANCE CO.

1. The petition in this case—an action on promissory notes—set out a cause of action. Paragraph 5 thereof, as to the notice given for the purpose of recovering attorney's fees, sufficiently specified the holder of the notes sued on. The demurrers were properly overruled.
2. The amendment to the petition did not set up a new cause of action, and was properly allowed.
3. The defendant in the court below introduced no evidence; the plaintiff made out its case; there was no issue of fact for the jury to decide, and the trial judge properly directed a verdict for the plaintiff.

---

Bills and Notes, 8 C. J. p. 857, n. 85; p. 881, n. 89; p. 1060, n. 38.
Continuances, 13 C. J. p. 141, n. 53; p. 142, n. 55, 56, 58; p. 163, n. 27.
Corporations, 14a C. J. p. 855, n. 70; p. 857, n. 89.
Pleading, 31 Cyc. p. 407, n. 71; p. 414, n. 13, 14, 16; p. 415, n. 29.

4. In view of the facts that the case had been several times continued at the instance of the defendant, and had been put upon terms for more than a year, that counsel for the defendant knew of his client's physical condition and the likelihood of his inability to attend court, and, with this knowledge of his client's condition and of the case being upon terms, failed to take the defendant's interrogatories, and that there was no doctor's certificate of the defendant's inability to attend court, the trial judge did not abuse his discretion in refusing again to continue the case at the request of the defendant's counsel.

5. The notes sued on were properly admitted in evidence.

DECIDED JUNE 14, 1927. REHEARING DENIED JULY 26, 1927.

Complaint; from city court of Thomasville—Judge MacIntyre. February 4, 1927.

Application for certiorari was denied by the Supreme Court.

*James B. Burch, W. H. Hammond,* for plaintiff in error.

*George H. Harris,* contra.

LUKE, J. The Atlantic Life Insurance Company brought suit against J. R. Burch upon certain promissory notes. The defendant filed general and special demurrers to the petition, which were overruled; to which ruling the defendant filed exceptions pendente lite. The plaintiff amended its petition; the defendant filed written objection, and to the overruling of this objection and the allowance of said amendment the defendant filed exceptions pendente lite. Upon the trial of the case the plaintiff introduced evidence in support of its allegations; the defendant introduced no evidence; and the court directed a verdict in favor of the plaintiff for principal, interest, and attorney's fees. The defendant filed a motion for a new trial, with amendments thereto, which was overruled, and the case was brought here for review. The bill of exceptions assigns error on the overruling of the demurrers, the allowance of the amendment, the direction of the verdict, and the overruling of the motion for a new trial. The special grounds of the motion for a new trial are upon the direction of the verdict, a refusal to continue the case, and the admission of certain evidence. The petition alleged, in substance, that the defendant, a resident of said county, was indebted to the plaintiff in a certain sum, besides interest and attorney's fees; that the indebtedness was evidenced by three promissory notes, copies of which were attached to and made a part of the petition; that the notes had been transferred and assigned to the plaintiff for value and before maturity; that copies of the assignments were attached to and made a part of the petition; that in case of default of any one

of the notes, all of them, by the terms thereof, became due in the discretion of the holder; that such default had been made by the defendant, and all of said notes had been declared due; that the defendant refused to pay said notes; that notice of attorney's fees had been given to the defendant, a copy of which was attached to and made a part of the petition; and the petitioner prayed for process and judgment. This petition was sufficient to withstand the general demurrer directed against it.

The special demurrer "demurs to paragraph 5, in that said paragraph does not allege that the notice specified the holder of said notes, nor does Exhibit F attached to said petition state the name of the holder of the notes." Paragraph 5 alleged that the petitioner's attorney gave notice of attorney's fees, set out in substance the contents thereof, and attached, as an exhibit to and part of said paragraph, a copy of said notice, marked Exhibit F. This notice is addressed to the defendant, and begins: "As attorney at law for the Atlantic Life Insurance Company, of Richmond, Virginia, I hereby notify you of my intention to file a suit against you for it," and it is signed by "Geo. H. Harris, as attorney at law for Atlantic Life Insurance Company." This notice, which was a part of the paragraph, clearly showed that the Atlantic Life Insurance Company, the plaintiff, was the holder of the notes, that the attorney of the company would file the suit *"for it,"* and that he was giving the notice "as attorney at law for the Atlantic Life Insurance Company." Furthermore, the notice specifically stated that the notes were "given by you [the defendant] to Old Dominion Trust Company, and by said Old Dominion Trust Company transferred before due for value to said Atlantic Life Insurance Company," the plaintiff. This left no doubt as to who was the holder of the notes, and the special demurrer was properly overruled. See *Aycock* v. *Tillman,* 14 *Ga. App.* 80 (80 S. E. 301); *Phelps* v. *Belle Isle,* 29 *Ga. App.* 571 (116 S. E. 217). The plaintiff in error cites the cases of *Carey* v. *Wyatt,* 17 *Ga. App.* 517 (87 S. E. 770), and *Baskins* v. *Valdosta Bank,* 5 *Ga. App.* 600 (63 S. E. 648). Neither is applicable. In one of them the notice failed to state the name of the holder of the note; and in the other the notice indicated that the suit would be brought by the original payee, when in fact it was brought by the transferee. The notice in the instant case is not subject to either of these criticisms.

The defendant's objection to the plaintiff's amendment to the petition was "on the ground that the same seeks to set up a new cause of action; it appearing from the allegations made in plaintiff's original petition that Old Dominion Trust Company assigned and transferred said notes sued on to the Life Insurance Company of Virginia, and that said Life Insurance Company of Virginia in turn transferred and assigned said notes sued on to plaintiff; while it appears from the amendment offered by plaintiff that said notes sued on were transferred and assigned by Old Dominion Trust Company directly to plaintiff." In the original petition and in the petition as amended the plaintiff is the same, the defendant is the same, the nature of the suit is the same, and the notes sued on are the same. The amendment merely showed that the notes were transferred to the plaintiff by the original payee, rather than by the Life Insurance Company of Virginia. The title to the notes was in the plaintiff, regardless of which of these parties transferred it to the plaintiff. The original petition alleged that the notes were transferred to the plaintiff by the Life Insurance Company of Virginia, and the original petition also had attached to it copies of the notes and assignments on the back thereof, which showed that they were transferred to the plaintiff by the Old Dominion Trust Company. The amendment merely corrected this contradiction, but did not change the parties to the suit, the nature of the transaction, or the cause of action; and it was properly allowed. Civil Code (1910), § 5682.

Ground 1 of the amendment to the motion for a new trial complains of the direction of the verdict. The plaintiff in the court below introduced in evidence the three notes sued on, the transfer of the three notes to the plaintiff, and a copy of the notice of attorney's fees. The assignments introduced in evidence were written on the back of the notes upon which suit was brought, and were as follows: "For value received we hereby sell, assign and transfer the within note and interest note thereto annexed, together with all our interest in and right under the deed securing the same, without recourse, to Atlantic Life Insurance Company. Old Dominion Trust Co. H. E. Litchford, V.-Pres. (Corp. Seal.)" The attorney for the plaintiff company swore: "There appears an assignment on the back of the $500 note, and an assignment identical in wording on the back of the said $5000 principal

note and $325 interest note. I will swear that that is the signature of H. E. Litchford signed to each of said assignments, and that H. E. Litchford was then and until recently vice-president of the Old Dominion Trust Company. . . I hold in my hand carbon duplicate of a notice of attorney's fees directed to the defendant, James R. Burch, Thomasville, Ga., and signed by myself as attorney for the plaintiff company. I handed this notice to the defendant personally more than ten days prior to the filing of this suit. I talked with Mr. Burch about the notes, and told him that they had been declared due, before handing him the original attorney's fees notice of which this is a true carbon duplicate; and Mr. Burch said that he owed the notes, that it was a just debt and he intended to pay it, but had had hard luck and had a bad time and was then unable to pay anything on them." The notice of attorney's fees met the requirements of the statute in regard thereto. The defendant in the court below introduced no evidence. The plaintiff made out its case; there was no issue of fact for the jury to decide; and the court properly directed a verdict for the plaintiff. Civil Code (1910), § 5926; *Stanford* v. *New England Mortgage Security Co.*, 110 *Ga.* 274 (2) (34 S. E. 600).

Special ground 2 of the motion for a new trial complains of the refusal of the court to continue the case. The attorney for the defendant in the court below stated that the defendant, his father, was an old man seventy-six years old; that he was sick in bed; that he could not conduct the case intelligently without him, and that he (the attorney) was unable to get in touch with Dr. J. B. Palmer, who had been attending the defendant. A note of the trial judge attached to this ground is as follows: "This case was brought to the September term, 1924. At the March term, 1925, the case was continued on account of sickness of the defendant. At the June term, 1925, the case was continued on account of illness of James B. Burch, the son of the defendant and the defendant's attorney. At the time of the continuance at the June term, 1925, the court put the case as to the defendant on terms, and an order was so entered upon the minutes, the said order being as follows, to wit: 'Atlantic Life Ins. Co. *v.* James R. Burch. No. 5256. Suit on notes. September term, 1924. City court of Thomasville. The above-stated case being called in its order for trial, and plaintiff having announced ready, and counsel for the defendant asking

for continuance on account of his illness, and it appearing that this case was continued at the last term on account of illness of defendant, plaintiff then having announced ready for trial, it is ordered by the court that this case be put upon terms as to the defendant, and that the same be set for trial and to be tried at the next term of this court, without privilege of continuance upon the part of defendant. Let this order be duly filed and entered. In open court this 24th day of June, 1925. H. J. MacIntyre, Judge City Court of Thomasville. Geo. H. Harris, Atty. for Plaintiff.' On the 25th day of September, 1925, a few days before said case stood for trial at September term, 1925, the defendant obtained a temporary injunction from the judge of the superior court of the Southern Circuit, which injunction prevented a trial at this term. On December 2, 1925, the judge of the superior court dissolved the temporary injunction. On January 1, 1926, the said judge of the superior court granted an order that 'supersedeas do issue upon the plaintiff giving bond to pay the defendant interest accruing upon the note sued on, from the date of the denial of the interlocutory injunction until the remittitur of the Supreme Court is made the judgment of this court, in the event the plaintiff loses in the litigation aforesaid,' and ordered further that the order dated Dec. 2, 1925, denying the interlocutory injunction as stated therein, be superseded upon the approval of said bond by the clerk of the superior court. On June 21, 1926, the Supreme Court affirmed the decision of the judge of the superior court dissolving the temporary injunction. The plaintiff in error, J. R. Burch, moved for a rehearing, and the rehearing was denied, and the remittitur in said case was filed in the office of the clerk of the superior court on the 19th day of July, 1926, and the case was again placed on the trial calendar of the city court of Thomasville for trial at the September term, 1926, and again a motion was made for a continuance on account of sickness of the defendant, notwithstanding that the case had been put on terms as aforesaid. The city court of Thomasville convenes every three months. This case was filed in the city court for two years prior to the overruling of said motion for continuance, herein complained of. The plaintiff's attorney announced ready every time said case was called for trial in the city court of Thomasville. There was no statement or testimony that Dr. Palmer had been

summoned as a witness. This Feby. 4, 1927. H. J. MacIntyre, Judge City Court of Thomasville, Ga."

It appears from this note of the trial judge that this case has been kept from trial for more than two years by some act of the defendant in the court below, and that the plaintiff was ready for trial every time the case was called. It also appears that the defendant knew that the case had been put upon terms 15 months previously, "without the privilege of continuance on the part of the defendant;" and yet, with knowledge of this fact and of the advanced age and feeble condition of his client, the attorney for the defendant preferred to take a chance on getting the case continued again rather than take his client's interrogatories, which he could have done. The defendant's counsel offered no testimony on the hearing of the motion for a continuance as to what assistance his client could render had he been present. Other than the defendant's answer denying "each and every paragraph of the petition," there is no contention that the defendant did not sign the notes or that he had ever paid them. In view of the fact that the case had several times been continued at the instance of the defendant, and had been put upon terms for more than a year, that counsel for defendant knew of his client's physical condition and the likelihood of his inability to attend court, that with this knowledge he did not take the defendant's interrogatories, and that there was no doctor's certificate of the defendant's inability to attend court, the trial court did not abuse his discretion in refusing to continue the case. See *Stanford* v. *New England Mortgage Security Co.*, supra; *Camp* v. *Britt,* 121 *Ga.* 466 (49 S. E. 286); *Bomar* v. *Equitable Mortgage Co.*, 121 *Ga.* 466 (49 S. E. 267); *Seagraves* v. *Powell Co.*, 136 *Ga.* 877, 878, 879 (72 S. E. 349); *Gable* v. *Gable,* 130 *Ga.* 689 (1, 2) (61 S. E. 595); *Porter* v. *Porter,* 17 *Ga. App.* 456 (87 S. E. 707).

The 3d and 4th special grounds of the motion for a new trial allege error upon the admission in evidence of the notes sued upon; the objection being that the execution of the assignment on the back of the notes had not been proved, and the transfer of title thereto from Old Dominion Trust Company to Atlantic Life Insurance Company had not been proved. The transfer on the back of the notes was in proper form, and was signed "Old Dominion Trust Co. H. E. Litchford, V.-Pres. (Corp. Seal.)" The

seal itself is prima facie evidence that it was affixed by proper authority, and the defendant introduced no evidence in rebuttal thereof. The attorney for the plaintiff testified: "That is the signature of H. E. Litchford signed to each of said assignments, and that H. E. Litchford was then and until recently vice-president of the Old Dominion Trust Co." The court properly admitted this evidence. See *Solomon's Lodge* v. *Montmollin,* 58 *Ga.* 547; *Boone* v. *Jenkins,* 147 *Ga.* 812 (95 S. E. 707); *N. Y. Life Ins. Co.* v. *Rhodes,* 4 *Ga. App.* 25 (60 S. E. 828). No reason is shown for a reversal of the judgment of the trial court.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*