## 25058. McLENDON *v.* RICHARDSON.

DECIDED JUNE 11, 1936.

*John Camp Davis,* for plaintiff in error.
*Henderson Lanham,* contra.

MacINTYRE, J. 1. If a party acquiesces in the trial court's entertaining and passing on a motion for new trial without raising the question that no brief of the evidence was filed in connection therewith, the appellate court will not dismiss the writ of error because no brief of the evidence was filed. Code of 1933, § 6-805; *Chicago & Northwestern Railway* v. *Elliott,* 16 *Ga. App.* 388 (85 S. E. 615); *Allen* v. *State,* 29 *Ga. App.* 213 (114 S. E. 583); *Rigell* v. *Sirmans,* 123 *Ga.* 455 (51 S. E. 381); *Mayor &c. of Brunswick* v. *Davenport,* 131 *Ga.* 465, 467 (62 S. E. 584).

We quote as follows from the only special ground of the motion for new trial: "Movant's counsel moving for a continuance on the ground of the illness of movant stating to the court: That he had notified movant of the setting of his case the week before by letter to his address at 222 Magnolia Street, Macon,

Georgia. That movant's counsel had learned the day before that movant had changed his residence, and had communicated with movant by wire. The court gave one day's time to hear from defendant. Then movant's counsel read to the court a response by wire that an affidavit of movant's illness was being forwarded in the mail. That he could not safely go to trial in the absence of movant." The letter mailed to Macon was not received by the movant, and was returned to "sender." The telegram read to the court, which was sent from Thomaston, Georgia, and signed "W. M. McLendon," says: "T. O. sick in bed. A doctor's certificate is being sent." The doctor's certificate, which came after the hearing of the motion for a continuance, and apparently after the trial of the case, appears to be correct in form and substance. The telegram read to the court was not a sufficient showing as to movant's illness. *Covington* v. *Case Threshing Machine Co.*, 26 *Ga. App.* 781 (107 S. E. 370), and cit. This court can not hold that the judge erred in overruling the motion for a continuance when the insufficient showing was occasioned by the unexplained changing of movant's place of residence and his failure to notify his counsel of such change.

■ Of course the general grounds of a motion for new trial can not be considered when there is no brief of the evidence.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*