### 25882. DYAR v. DYAR.

FELTON, J. 1. No abuse of discretion of the judge, in refusing to grant a continuance because of alleged providential absence of a party by sickness, was shown, where a continuance had been granted at the previous term because of the sickness of the party; where it does not appear that if he had been present the trial would have resulted differently; where the only showing as to sickness was the certificate of a physician, and on the day of its presentation the court allowed counsel, at his request, to have an affidavit of the physician returned to the court on that day, and at the hearing on the following morning there was no affidavit or other evidence as to the sickness, and counsel merely requested a further delay until the arrival on that day of a mail train on which the affidavit actually arrived after the hearing; and especially where there was nothing to show that the affidavit could not have been received in time for the hearing if it had been mailed on an earlier train on the day of the first hearing, or that the personal testimony of the physician or some other witness knowing the facts could not have been obtained. See *Strickland* v. *Strickland,* 147 *Ga.* 494 (5) (94 S. E. 766); *Gable* v. *Gable,* 130 *Ga.* 689, 691 (61 S. E. 595); *Smith* v. *Williamson,* 29 *Ga. App.* 103 (114 S. E. 86), and cit; *Covington* v. *Case Threshing Machine Co.,* 26 *Ga. App.* 781 (107 S. E. 370); *Smith* v. *Exchange Bank of Rome,* 25 *Ga. App.* 278 (103 S. E. 99); Code, §§ 81-1401, 81-1412. The subsequently received affidavit could not have been considered by the trial court, and can not be considered by this court. *So. Ry. Co.* v. *Brock,* 132 *Ga.* 858 (2) (64 S. E. 1083); *Fullbright* v. *Vincent,* 18 *Ga. App.* 520 (2) (89 S. E. 1055); *Porter* v. *Porter,* 17 *Ga. App.* 456 (87 S. E. 707), and cit. In *Webb* v. *Carpenter,* 168 *Ga.* 398 (148 S. E. 80), a proper showing was made by affidavits, and there had been no previous continuance.

2. The general grounds of the motion for new trial, not being argued or insisted on, are not considered.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 4, 1937.

*J. G. B. Irwin,* for plaintiff in error.