**In the Matter of James Wesley MERTSCHING, Debtor.**

**No. 80–00373.**

United States Bankruptcy Court, D. Idaho.

May 9, 1980.

John W. Walker, Moscow, Idaho, for debtor.

S. David Swayne, Moscow, Idaho, as trustee.

**ORDER CONDITIONALLY ALLOWING AMENDMENT TO EXEMPTION CLAIMED**

M. S. YOUNG, Bankruptcy Judge.

Debtor herein filed a voluntary petition on March 13, 1980 and in schedules filed that date claim all exemptions under Idaho Law, including a 1979 income tax refund and a savings account. Trustee herein qualified on March 25, 1980 and on April 17, 1980 objected to the claimed exemption for refunds and savings account on the ground that Idaho Law did not allow such exemption. On April 29, 1980, debtor filed an amended schedule B–4 claiming the same exemptions under the provisions of 11 U.S.C. § 522(d)(1).

Trustee's objection to the Idaho exemption claimed was well taken. The exemption of the income tax refund and savings account is not allowable under Idaho Law but is allowable under the federal exemptions. The issue is then whether debtor can, having once elected to follow the state exemptions, change his position and claim his exemptions under federal law when it appears that the first claim was improvident.

Trustee has shown no prejudice to creditors or administration of the estate by the switch in exemption statutes but does contend that his cost in performing his duty of objecting to improper exemptions should be reimbursed to him as a condition of allowing the changed exemptions.

Under the Bankruptcy Act of 1898 the general rule was that exemptions would be allowed unless there was some prejudice to the creditors or administration of the estate by reason of the debtor's amendment to claimed exemptions. See *In re Goodman*, 5 Cir., 174 Fed. 644, *In re Irwin*, 3 Cir., 174 Fed. 642, and *In Matter of Skelton*, 299 Fed. 606.

I therefore conclude that the exemptions as claimed under Schedule B–4 as amended April 29, 1980, should be allowed on condition that debtor pay trustee the sum of $50.00 toward the cost of administration in this matter.